## SMITH *et al.* v. DOE *et al.*

THE averments of possession and ouster in this case, were held to be insufficiently denied. See statement of facts.

In ejectment for mineral land, plaintiff averred possession of a large tract of land, including the mining ground in controversy, and that he occupied the land for

Smith *v.* Doe.

agricultural and mining purposes, without stating that any use was made of the particular portion held by defendants. This averment of possession, and also the averment of ouster, were insufficiently denied in the answer; but the answer averred affirmatively, that, at the time defendants entered upon the ground in dispute, it was a part of the public domain of the United States, contained large and valuable deposits of gold, that they entered upon and took possession of it for mining purposes, and that they have since held and used it for such purposes only. The Court below gave judgment for plaintiff on the pleadings. *Held,* that these affirmative averments of defendants being proved, plaintiff could not recover without showing such an actual and meritorious possession and occupancy, as rendered the interference of the defendants unjust and inequitable; that he could not recover on the pleadings, because the character of his possession did not appear, the complaint not averring that this particular portion of the land was ever used by plaintiff for any purpose whatever.

The allegation of possession is too broad to defeat the rights of a person who has, in good faith, located upon public mineral land for the purpose of mining.

When a party enters upon mineral land for the purpose of mining, he cannot be presumed to be a trespasser; for if the land be not private property, he has the right to enter upon it for that purpose; and, until it is shown that the title has passed from the government, the statutory presumption, (Wood's Dig. 527) that it is public land, applies.

Mere entry and possession give no right to the exclusive enjoyment of any given quantity of the public mineral lands of the State.

As a general rule, the public mineral lands of the State are open to the occupancy of every person who, in good faith, chooses to enter upon them for the purpose of mining.

But this rule has its limitations, to be fixed by the facts of each particular case. Certain possessory rights, and rights of property in the mining region, though not founded on a valid legal title, will be protected against the miner—as valuable permanent improvements, such as houses, orchards, vineyards, growing crops, etc.

APPEAL from the Fifteenth District.

Action to recover possession of certain mining ground, and for an injunction restraining defendants from digging up the soil and removing the gold therein, and from undermining a fence thereon.

The complaint avers, in the matter of possession and ouster, " that by virtue of a certain deed, * * * * the plaintiffs then became and still are seized in fee of the lands therein particularly described. * * * * That on said day and date the plaintiffs entered and took possession of, and have ever since actually occupied the whole and every part and portion of the said land. * * * * That since plaintiffs entered into the possession of said land they have ever resided

on the same with their respective families, and have expended large sums of money, to wit : seventy thousand dollars, in various improvements thereon for agricultural and mining purposes, in building fences, planting fruit trees and vines, erecting dwellings, and quartz mills, with their machinery, enjoying the sole use, benefits and profits of the said lands, by working the same upon and beneath the surface, without molestation or hindrance to their free, full and sole occupation in every part and portion thereof, except, etc., etc.   That while the plaintiffs were in the full enjoyment, peaceable possession and sole occupation of said lands, the defendants unlawfully entered upon a portion of the same with force and arms, and ousted the plaintiffs therefrom   *   *   *"

The answer denies these allegations in these words :

"These defendants deny that plaintiffs became and still are seized in the lands described in their complaint;   *   *   *   and deny that plaintiffs entered and took possession of said lands on the day and date of said deed; and defendants deny that their mining claim, which is located   *   *   *   has ever been in the possession and actually occupied by plaintiffs;   *   *   *   [Here follows averment that the land is mining land.]   *   *   *   and deny that they have ousted plaintiffs from said described premises complained of by plaintiffs.   Defendants deny   *   *   *   or that they are proceeding unlawfully to take out and carry away," etc.

The complaint also avers that defendants are digging up the ground and undermining the eastern line of the garden fence of plaintiffs, partly a stone wall and partly a post and wood fence; that the piece entered upon by defendants contains valuable deposits of gold, the property of plaintiffs, which defendants are unlawfully taking out and carrying away, to the irreparable injury of plaintiffs ; that defendants threaten to dig up and remove the soil from said ground into the river, and leave said piece of ground a barren waste, and that it is now well suited to agricultural purposes; that these acts of defendants are a wanton and unnecessary destruction of plaintiffs' property, and to their injury in the sum of, etc.; and that defendants are insolvent.

Defendants also deny these allegations, except that as to the extent of plaintiffs' improvement, which is not denied.   Defendants aver that if it becomes necessary to remove the garden fence of plaintiff, they will first pay him for the same, according to law.

The Court below found " that defendants, in their trespass com-

plained of, were working an injury to plaintiffs' possessions, and that a continuance of the same would produce an irreparable injury to said possessions," and then, as stated in the opinion of this Court, gave plaintiff judgment on the pleadings, for the possession of the premises, and also perpetuated the injunction, granted on filing the complaint, restraining defendants as prayed for.

Defendants appeal.

*Robinson, Beatty & Heacock,* for Appellants.

1. The denial of the possession of plaintiffs is sufficient. Defendants were only bound to deny plaintiffs' possession of the small piece of land of which they themselves were in possession.

2. The denial that plaintiffs were ousted, is good. Ouster is a fact, not a conclusion of law.

3. Even if the denials are insufficient, and admit the possession of plaintiff, still defendants had a right to enter for mining purposes. (*Burdge* v. *Smith,* 14 Cal.)

*Burt & Rhodes,* for Respondents.

Pleadings here are governed by the Practice Act, sec. 37. (*Pierce* v. *Sabin,* 10 Cal. 22.) And where the pleadings are verified, the rules of special pleadings at common law or in chancery, apply. (Prac. Act, secs. 65, 66; *Baker* v. *Bailly,* 16 Barb. 55; Abb. Plead. 459–60, note.) Denials in the conjunctive are bad. (Abbott's Plead. above; *Beach* v. *Barons,* 13 Barb. 305; 7 How. Pr. R. 430; *Sherman* v. *N. Y. Central Mills,* 1 Abb. Prac. R. 187.) From these authorities respondents say—1. There is no denial in the answer of an entry by plaintiffs under the deed from Larkin, because the denial is confined to the date alleged.

2. No denial of possession in plaintiffs, because this denial is conjunctive with actual occupancy, and besides, is not of the same land set out in the complaint.

3. The denial of ouster is a denial of a conclusion of law. The facts constituting ouster are admitted, as seizin, entry, possession of plaintiffs, entry of defendants, etc. (*Busenius* v. *Coffee,* 14 Cal. —; *Burke* v. *Table Mountain Water Co.* 12 Id. 403.)

4. Plaintiffs entered under a deed with specific boundaries, and there is no denial that, since 1857, date of the deed, plaintiffs have lived on and occupied a great portion of the premises, and still cultivate the same. Defendants are naked trespassers; and even if plaintiffs' pos-

Smith v. Doe.

session of the small piece of land held by defendants be well denied, still plaintiffs can recover. (*Baldwin* v. *Simpson*, 12 Cal. 560.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. and FIELD, C. J. concurring.

This is an action to recover possession of certain mining ground situated in Butte county. The pleadings are verified. The plaintiffs aver that they acquired from one Larkin a title in fee simple to a tract of land, containing several hundred acres, and including the mining ground in controversy; and they claim under the title thus acquired, and their actual possession of the land at the time of the entry by the defendants. They aver also that the land was occupied by them for agricultural and mining purposes, but do not state that any use was made of the particular portion now held by the defendants. The averment is general, that the whole tract was possessed and occupied for these purposes. The case was tried by the Court without a jury, and after the introduction of evidence by both parties, a judgment for the plaintiffs was rendered upon the pleadings alone. No facts are found, the Court holding that the material allegations of the complaint were not denied by the answer, and that the plaintiffs were therefore entitled to recover. "The material averments of the complaint," says the Court, in its decision, "are not denied by the answer. Possession and ouster being sufficient to maintain the action, I do not deem it necessary to pass upon the plaintiffs' title derived from Larkin." The denial of this title was regarded as sufficient, but as the plaintiffs relied upon their possession as well as their title, and as the allegation of possession, and the subsequent allegations of the complaint were not denied, it was held that the answer presented no obstacle to a recovery. The pleader evidently intended to deny specifically each of these allegations, but it is clear that he has failed to do so, and that each and all of the denials are fatally defective. But while we agree thus far with the Court below, we do not concur in the conclusion that the plaintiffs were entitled to recover upon the pleadings. The defendants set up as affirmative matter in defense of the action, that at the time they entered upon the ground in dispute, it was a part of the public domain of the United States, and contained large and valuable deposits of gold, that they entered upon and took possession of it for mining purposes, and that they have since held and used it for such purposes only. These facts being proved, the plaintiffs could not recover without showing such an

actual and meritorious possession and occupancy as rendered the inter-
ference of the defendants unjust and inequitable.  They were not enti-
tled to recover upon the pleadings, for the reason that the character of
their possession did not appear.  It is not alleged, as we have already
stated, that this particular ground was ever used by them in any man-
ner whatever.  The complaint contains only the broad general allega-
tion, that they were in possession of the land purchased of Larkin, and
occupied the same for agricultural and mining purposes.  This is not
such a possession as can be relied upon to defeat the rights of a person
who has, in good faith, located upon public mineral land for the purpose
of mining.

It is provided by statute, "that all lands in this State shall be deemed
and regarded as public lands, until the legal title is shown to have
passed from the Government to private parties." (Wood's Digest, 527.)
The presumption created by this statute is not necessarily irreconcilable
with the presumption of ownership arising from the mere fact of
possession.  This presumption is constantly indulged in favor of the
possessor against a trespasser; but we held in *Burdge* v. *Smith*, decided
at the October Term, that when a person goes upon mineral land for
the purpose of mining, he cannot be presumed to be a trespasser; for
if the land be not private property, he has the right to enter upon it
for that purpose; and until it is shown that the title has passed from
the Government, the statutory presumption that it is public land must
apply.  The doctrine, that by mere entry and possession, a right may
be acquired to the exclusive enjoyment of any given quantity of the
public mineral lands of the State, has been repeatedly condemned by
this Court, and if it could be maintained, would be fraught with the
most pernicious and disastrous consequences.  The appropriation of
these lands in large tracts for agricultural and grazing purposes, and
the concentration of the mining interest in the hands of a few persons,
to the exclusion of the mass of the people of the State, are some of
the evils which would necessarily result from such a doctrine.  It must
not be understood, however, that within the limits of the mines all
possessory rights and all rights of property, not founded upon a valid
legal title, are held at the mercy and discretion of the miner.  Upon
this subject, it is impossible to lay down any general rule, but every
case must be determined upon its own particular facts.  Valuable and
permanent improvements, such as houses, orchards, vineyards, etc.,
should, undoubtedly, be protected; as also, growing crops of every

8

description, for these are as useful and necessary as the gold produced by the working of the mines. Improvements of this character, and such products of the soil, as are the fruits of toil and labor, must be regarded as private property, and upon every principle of legal justice are entitled to the protection of the Courts. But in all cases it must be borne in mind that, as a general rule, the public mineral lands of the State are open to the occupancy of every person who, in good faith, chooses to enter upon them for the purpose of mining, and the examples we have given may serve, in some measure, to indicate the proper modifications of this rule, and the restrictions necessary to be placed upon the exercise of this right. It is the duty of the Courts to protect private rights of property, but it is no less their duty to secure, as far as possible, the entire freedom of the mines, and to carry out and enforce the obvious policy of the Government in this respect.

The judgment must be reversed, and the cause remanded for a trial upon the merits. The defendants should be permitted to amend their answer upon such terms as the Court below may deem just and proper.

Judgment reversed and cause remanded.

On petition for rehearing, COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

The tone of the petition in this case, though disrespect is disclaimed, is scarcely decorous. We merely allude to this circumstance, that we may have no occasion to notice any deviation from strict professional propriety, in this respect, in future.

We still adhere to our former view of the case. The only question is, whether the mere possession of a large tract of mineral land is sufficient to support ejectment, as against a person entering upon and occupying the land for mining purposes. We held that it was not, and we see no reason for changing that opinion. The counsel for the plaintiffs seem to forget, that the case was decided upon the pleadings alone. They say, " Surely, no one can suppose that where a plaintiff's case *was made* out, the *mere allegation* of affirmative matter by a defendant would be sufficient to defeat it." Surely, no one can suppose that a plaintiff is entitled to recover upon the pleadings, when the answer contains ·affirmative matter which, if true, constitutes a valid defense to the action.

The injunction must follow the determination of the legal rights of the parties ; but the Court is vested with ample power to preserve the property pending the litigation.

Rehearing denied.