31  455
98  520
31  455
137  415

## GEORGE KIRKALDIE, AND C. W. A. ARENZ *v.* JOHN R. LARRABEE, ELLEN M. LARRABEE, HIS WIFE, AND A. W. CUTTS.

FEDERAL HOMESTEAD ACT.—There is nothing in the Act of Congress of May 20th, 1862, granting homesteads to settlers on public lands, which forbids a voluntary alienation of the land by the grantee who has acquired the same as a homestead.

MORTGAGE OF PUBLIC LANDS.—If one who is in possession of public lands mortgages the same in fee, and afterwards acquires title to the same under the Federal Homestead Act, he is estopped from denying the lien of the mortgage, and cannot set up a title afterwards voluntarily acquired to defeat it. Section thirty-three of the Act concerning conveyances applies to mortgages as well as absolute conveyances.

APPEAL from the District Court, Tenth Judicial District, Yuba County.

On the 16th day of September, 1861, John R. Larrabee, and Ellen M. Larrabee, his wife, were in possession of the southwest quarter of Section Five, Township Thirteen North, Range Four East, Yuba County, and on the same day mortgaged it to plaintiffs to secure a promissory note of even date. The land was public land at the date of the mortgage. The granting clause in the mortgage was: "grant, bargain, sell and confirm unto the said parties of the second part, and to their heirs and assigns forever." After the execution of the mortgage, Larrabee located the land as a homestead, under the

Act of Congress approved May 20th, 1862. This action was brought to obtain judgment on the note and foreclose the mortgage. The answer set up as a special defense that after making the note and mortgage, Larrabee had made an entry of the mortgaged premises as a homestead under the Federal homestead law. The Court below ordered a sale of the mortgaged premises, but saved from the effect and operation of the judgment, " all rights, titles and interests which defendant Larrabee has acquired or may hereafter acquire to said land, under and by virtue of his said preliminary homestead entry thereof under the Federal homestead law." The plaintiffs appealed from the judgment.

*J. L. Ashford,* for Appellants, argued that the mortgage being in fee and executed before the passage of the Federal homestead law of May 20th, 1862, the said Act could not be considered as divesting the lien of said mortgage, and that the Act did not prohibit the mortgaging of property selected as a homestead, and did not declare any liens so created thereon invalid, and must therefore be construed as permitting the same, and that the Act only exempted the land selected as a homestead from forced sale for ordinary indebtedness, and did not exempt it from sale in satisfaction of a mortgage voluntarily executed by the mortgagor, and that the mortgage being in fee of the land, the mortgagors could not set up any after acquired right or title to defeat the lien of the mortgage ; and cited *Clark* v. *Baker,* 12 Cal. 632 ; and thirty-third section of the Act concerning conveyances, Wood's Digest, pages 103 and 104.

*J. O. Goodwin,* for Respondents, argued, the decisions in *Clark* v. *Baker,* 14 Cal. 630 ; *Haffley* v. *Maier,* 13 Cal. 14 ; and *Whitney* v. *Buckman,* 13 Cal. 538, were made under statutes of this State in contravention of the common law rule that a grant or release only operated upon the estate actually held and owned at the time, and therefore had no application in this case. That the Constitution gave Congress the power to make all needful rules and regulations respecting

the territory and other property of the United States, and that under this power the homestead law of 1862 had been passed. That as section thirty of the Act provided that "no lands acquired under the provisions of this Act shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of a patent therefor," the land could not be sold to satisfy the note, it being a debt contracted before a patent had issued. He also argued that section thirty-three of the Act concerning conveyances must give way to the law of Congress.

By the Court, SAWYER, J. :

Had the deed been an absolute conveyance in fee instead of a mortgage in fee, any subsequently acquired title, under our statute concerning conveyances, would have inured to the benefit of the plaintiff. (Sec. 33.) The fact that the title subsequently comes from the United States would make no difference. There is nothing in the Homestead Act of 1862 forbidding a voluntary alienation by the grantee under that Act. The same principle applies to a mortgage of the fee. (*Clark* v. *Baker*, 14 Cal. 630.) The title will pass not merely in consequence of the enforcement of the payment of a debt by the ordinary process of the Courts, but in consequence of the voluntary contract of the party in executing the mortgage. The mortgagor of the fee is estopped from denying the existence of the lien which he has attempted to create, and from defeating by his own act the enforcement of the lien against the property thus mortgaged. (14 Cal. 633–4 ; see also *Tartar* v. *Hall*, 3 Cal. 263 ; *Haffley* v. *Maier*, 13 Cal. 14 ; *Whitney* v. *Buckman*, 13 Cal. 538 ; *Warburton* v. *Mattox*, Morris, [Iowa,] 369 ; *Pierson* v. *David*, 1 Clarke, Iowa, 26 ; *Camp* v. *Smith*, 2 Minn. 173 ; *Hope* v. *Stone*, 10 Minn. 141 ; *Bush* v. *Marshall*, 6 How., U. S., 288 ; *Threadgill* v. *Pintard*, 12 How. 37 ; *Fackler* v. *Ford*, 24 How. 323 ; *Phelps* v. *Kellogg*, 15 Ill. 135.) We think the plaintiff was entitled to the ordinary judgment

for a sale of the mortgaged property without any exception of rights subsequently acquired by the mortgagor under the Homestead Act of 1862.

Judgment reversed and the District Court instructed to enter judgment in accordance with these views.