[No. 1,498.]

EDWARD CHRISTY *v.* JULIA E. DANA, ADMINISTRATRIX OF THE ESTATE OF E. O. DANA, DECEASED, AND THE NATOMA WATER AND MINING COMPANY.

ENFORCEMENT OF MORTGAGE.—A mortgagee may enforce his mortgage as against the land, notwithstanding the personal liability of the mortgagor, for the debt may be barred by a discharge in insolvency.

PLEADING CONCLUSION OF LAW.—An averment in an answer that the plaintiff's debt is barred by a discharge in insolvency, is only a conclusion of law, and not the statement of a fact.

INTEREST ON CLAIMS AGAINST INSOLVENT ESTATE.—Section one hundred and thirty-one of the Probate Act, which provides that when the estate is insolvent a creditor can only recover interest at the rate of ten per cent after the letters of administration issue, cannot be invoked by a purchaser of the mortgaged property who buys from the mortgagor after the mortgage is given, and who is made a party in an action to enforce the mortgage. Said section is intended only for the benefit of the estate, and if the complaint waives a judgment for a deficiency, the estate has no interest in the matter.

ENFORCING MORTGAGE AFTER DEATH OF MORTGAGOR.—If the mortgagor sells the land after he gives the mortgage, and then dies, the mortgagee may enforce his mortgage as against the subsequent purchaser without presenting his claim to the administrator for allowance.

EVIDENCE OF ACTUAL NOTICE OF A MORTGAGE.—When the mortgage is recorded, so as to give constructive notice to a subsequent purchaser, there is no need of proof of actual notice in an action to enforce the mortgage.

TITLE ACQUIRED BY MORTGAGOR FEEDS HIS PRIOR MORTGAGE.—If a mortgagor mortgages public land upon which he is residing, and afterwards obtains a patent to the same from the United States, and then sells, the title acquired by the patent inures to the benefit of the mortgagee, and the mortgage may be enforced against the subsequent purchaser.

DECLARATIONS OF THE PRESIDENT OF A' CORPORATION—EVIDENCE.—The declarations of the President of a corporation may be received in evidence to show that at the time the corporation purchased land it had actual notice of a mortgage on the same.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The facts are stated in the opinion.

*C. G. W. French,* for Appellant.

*Robert C. Clark,* for Respondent.

By the Court, CROCKETT, J.:

This is an action to foreclose a mortgage made by E. O. Dana, deceased, in his lifetime, to the plaintiff, upon a tract of land which at the time was a part of the public domain, but upon which Dana resided, and which he proposed to claim as a preëmptor. The land is described in the mortgage as "fragment of southwest quarter of section twenty-four, and fragment of northwest quarter of northwest quarter of section twenty-five, township ten north, range seven east, Mount Diablo meridian, being a possessory claim under the statute of California, said land containing one hundred and twenty-five acres, more or less, and being the only possessory claim held by said party of the first part in said county."

The mortgage was dated March 3d, 1863, and was duly recorded March 9th, 1863. On the 12th of May, 1865, Dana duly filed his petition for the benefit of the insolvent laws, and after proper proceedings obtained his final discharge on the 25th of February, 1866. Dana's preëmption claim being perfected, the plaintiff furnished the money to pay the Gov-

ernment price for the land, and the patent was issued to Dana April 13th, 1866. On the 30th of April, 1866, Dana and his wife conveyed the land, by absolute deed, to the defendants, The Natoma Water and Mining Company, for a valuable consideration, describing the land in the deed as "fractions numbered four and five of section number twenty-four, and fraction number one of section number twenty-five, township ten north, range seven east, Mount Diablo base and meridian." From the proof and findings it appears that the land included in the deed is the same land embraced in the mortgage to the plaintiff. On the 5th of May, 1866, E. O. Dana died intestate, and on the twenty-second of the same month his widow, the defendant, Julia E. Dana, was duly appointed administratrix of his estate. There is a provision in the mortgage to secure the repayment of any money which the plaintiff might pay for his greater security in procuring the title to the land, or otherwise, and for a reasonable attorney's fee in the event of a foreclosure.

The action is brought against the administratrix and against The Natoma Water and Mining Company; and the complaint prays for foreclosure of the mortgage and a sale of the land, but expressly waives a judgment against the estate for any deficiency.

The administratrix, in her answer, admits the allegations of the complaint and consents to a judgment of foreclosure as prayed for. The answer of The Natoma Water and Mining Company denies that the land included in the deed is the same land embraced in the mortgage, and denies that the whole mortgage debt remains unpaid; but admits that the plaintiff's claim was presented to the administratrix for allowance, and denies that at the time it was presented she was acting as such administratrix, and also denies that the plaintiff paid the money to the Government, as he alleges.

The answer then proceeds to set up what it designates as a "further and equitable defense" to the action, and avers

that Dana was regularly and duly discharged from all his debts, including the plaintiff's, under the proceedings in insolvency; that Dana filed his declaratory statement as a pre-emptioner on the 3d of July, 1865, for the lands as they are described in the deed to said defendant, and paid for the land and received his certificate of purchase in October, 1865, and his patent on the 13th of April, 1866; that on the 30th of April, 1866, Dana and his wife sold and conveyed the land to said defendant for one thousand dollars, which was its full value; that said land so conveyed, embraced a portion of the land included in the mortgage; that in their deed Dana and his wife warranted the premises to be free from incumbrance done or suffered by them, with full covenants for further assurance; and prays, as affirmative relief, that the land conveyed to the defendant may be decreed to be free from the plaintiff's lien, and that the plaintiff's claim be adjudged to be null and void. No replication was filed to this portion of the defendant's answer.

On the trial the District Court found the facts to be substantially as we have recited them, and entered a judgment of foreclosure for the principal and interest due on the note, together with the amount paid by the plaintiff to the Government for the purchase of the land and one hundred and fifty dollars attorney's fees, and ordered the judgment for principal and interest to bear interest until paid at the rate stipulated in the note and mortgage. The Natoma Water and Mining Company made a motion for a new trial, which was denied, and it has appealed both from the order and the judgment.

The points relied upon by the appellant are in substance:

First—That there being no replication to its answer, the affirmative matter therein contained stands admitted, and no proof to the contrary was admissible.

On examining the answer, we find no new matter which was material. It avers, it is true, that the plaintiff's debt was barred by the discharge in insolvency; but that is only a conclusion of law and not a fact, and on the facts admitted it is evident the plaintiff was entitled to enforce his mortgage as against the land, notwithstanding the personal liability of Dana for the debt may have been barred by the discharge.

Second—That Dana's estate being insolvent, the plaintiff, under section one hundred and thirty-one of the Probate Act, could only recover interest at the rate of ten per cent per annum after the letters of administration issued.

The plaintiff asks no relief against the estate, and it is, therefore, of no importance to those interested in the estate whether the interest be greater or less. The estate has no interest in the land, and could in no manner be benefited by a reduction of the interest. Section one hundred and thirty-one of the Probate Act has no application to such a case.

Third—That the land included in the deed is not the same land included in the mortgage.

This objection is answered by the finding, which explicitly declares the lands to be identical, and the proof fully supports the finding.

Fourth—That the mortgage does not authorize the money paid by the plaintiff to the Government and the attorney's fee to be included in the judgment.

We think the mortgage fully supports the action of the Court in respect to these items.

Fifth—That the plaintiff's claim was not presented to the administratrix for allowance until after the administration was closed.

There appears to be some confusion in the record on this point. But we do not comprehend how it was possible that the estate could be closed on the 5th of June, 1866, when the letters of administration were granted on the 22d of

May, 1866. The findings do not state when the estate was closed, and there was no exception to them on that ground. It is, therefore, too late for the defendant to raise this point, even if it was material. But inasmuch as no relief is demanded against the estate, and the intestate, at the time of his death, had no interest in the land, there was no need for the plaintiff to present his claim to the administratrix for allowance.

Sixth—That the Court erred in admitting certain oral testimony on behalf of the plaintiff.

But the testimony was competent to establish that the defendant, The Natoma Water and Mining Company, had express notice of the plaintiff's mortgage before taking a deed for the land, if such proof had been needed; but we do not perceive the materiality of such proof when the mortgage was duly recorded and operated as constructive notice.

Seventh—That inasmuch as Dana had no title to the land at the date of the mortgage, the title which he subsequently acquired by means of the patent did not inure to the benefit of the plaintiff as mortgagee.

This is no longer an open question in this Court, and is fully decided in *Clark* v. *Baker*, 14 Cal. 612; *Kirkaldie* v. *Larrabee*, 31 Cal. 455. This disposes of all the points raised by the appellant.

Judgment affirmed.