[No. 5538.]

## JACOB BRANDT v. M. A. WHEATON.

ADVERSE CLAIM TO REAL ESTATE.— The complaint, in an action under sec. 738 of the Code of Civil Procedure to determine an adverse claim to real estate, is to be treated as a bill in equity.

VERDICT OF JURY IN EQUITY CASE.— In a case in equity, the general verdict of a Jury is to be disregarded, and the Court must find the facts.

POSSESSION OF PUBLIC LAND. — As against a mere trespasser, one in possession of public land will be presumed to be the owner.

ACTION TO DETERMINE ADVERSE CLAIM TO PUBLIC LAND.—One in possession of public land cannot maintain an action in equity against another who is an applicant to purchase the same from the United States, and who sets up an adverse claim to it, to obtain a decree that such other has no right or title to it, and to enjoin him from setting up or asserting any title to it.

POWER OF COURT OF EQUITY.—A Court of Equity will not prevent an applicant to purchase public land from the United States, from proceeding with his application, or decree that he has no right on which to base his application.

The complaint, which was filed September 30th, 1875, averred that the plaintiff was, and had been since 1864, the owner and possessor of a mining claim in the Michigan Bluff District, County of Placer, lying in Buchanan Gulch, and that the defendant wrongfully claimed to own it, and had applied to the United States, in the Land Office at Sacramento, to obtain a patent for it, and that his application was now pending, and that the claim was a placer-mining claim, and a part of the public mineral lands of the United States. The plaintiff asked for judgment decreeing that he was the owner and possessor of the claim, and that the defendant had no title to it, and that he be perpetually enjoined from asserting any title to it. There was no allegation that the plaintiff had filed an adverse claim in the Land Office. The case was tried by a jury, and a general verdict rendered for the plaintiff. No special issues were submitted. Upon this verdict the Court rendered judgment for the plaintiff, as prayed for. The defendant appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*M. A. Wheaton,* in *pro per.*

This is a suit in equity, and yet the Court rendered judgment on the general verdict of a jury.

The action cannot be maintained. The complaint charges that the defendant is seeking to purchase the land from the United States. This he had a right to do under the Acts of Congress. (See secs. 2325 and 2326 of the Revised Statutes of the United States.)

The complaint nowhere attempts to say or show that the defendant's' application to purchase was not fairly and legally made, nor that he had not acquired an actual right of purchase binding upon the United States under its existing law.

The land being public mineral land of the United States, Congress could dispose of it as it chose. It could order it sold to a person out of possession as well as to a person in possession. (*Doran* v. *C. P. R. R. Co.,* 24 Cal. 253 to 257.)

This right of purchase exercised by the defendant, and se-

cured by making a regular application and taking the proper steps to effect the purchase, all done under an Act of Congress not repealed, but in full force and effect, was such a right and interest in the land as the law recognizes and protects. (*Hess* v. *Bolinger*, 48 Cal. 349; *Hinckley* v. *Fowler*, 43 Cal. 56.)

*Hale & Craig*, for the Respondent.

The plaintiff's case and claim amounted to this, to wit, that he then was, and for a long time had been, the exclusive possessor, and entitled to possess, and was the owner of his mining claims, which were part and parcel of the public mineral lands of the United States. The *gravamen* of his complaint against defendant was that the latter, in contravention of his said rights, and without any possession, right of possession, or ownership in him, (defendant) was then unlawfully making claim to own and possess portions of his (plaintiff's) said claims, and was then in the act (by means adequate to the consummation of the threatened wrong and mischief to defendant) of unlawfully seeking to obtain, by letters-patent from the Government of the United States, the title in fee to certain portions of his said mining claims, by which means, if consummated, the plaintiff must inevitably lose, and the defendant unlawfully gain, the possession and ownership of the disputed portions of plaintiff's mining claims.

In *Merced Mining Company* v. *Fremont*, 7 Cal. 319, the precise question here presented was expressly propounded, reasoned out, and answered affirmatively, to wit: "Can a party in possession of a mining claim on *public lands* within this State, sustain a suit to determine the adverse title of a party out of possession?" This Court, in that case, after answering the question in the affirmative, significantly remarked, in conclusion: "If this right is not extended to mining claims, then this most important interest of the State is without adequate protection, and there is a manifest failure of justice." This rule of decision has in no case, before or since, been modified or questioned by this Court, but has in numerous cases been substantially upheld, and in several directly approved. (*Tarter* v.

*Spring Creek Co.* 5 Cal. 395; *McKeon* v. *Bisbee,* 9 Cal. 137; *Crandall* v. *Wood,* 8 Cal. 143; *Partridge* v. *McKenney,* 10 Cal. 181; *State of California* v. *Moore,* 12 Cal. 69; *Boggs* v. *Merced M. Co.* 14 Cal. 313; *Smith* v. *Doe,* 15 Cal. 100; *Esmond* v. *Chew,* 15 Cal. 138; *Hughes* v. *Develin,* 23 Cal. 506; *Pratus* v. *Pacific G. & S. M. Co.* 45 Cal. 34; *Smith* v. *Brannan,* 13 Cal. 107; *Curtis* v. *Boggs,* 15 Cal. 259; *Head* v. *Fordyce,* 17 Cal. 149; *Jennison* v. *Kirk,* 51 Cal.)

But even if, prior to said Act of Congress, this question had been deemed doubtful, yet such doubt must certainly have ceased since the enactment of the several Acts of Congress now in force on the subject.

The Act of May 10th, 1872, is a substantial aggregation of Congressional legislation on the whole subject. (U. S. Rev. Stats. 427.) In sec. 2320 it is enacted that: " All valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, are hereby declared to be free, and open to exploration and purchase, and the lands in which they are found to *occupation* and *purchase* by citizens of the United States, and those who have declared their intention to become such, under regulations prescribed by law, and according to the local customs or rules of miners  *  *  *  not inconsistent with the laws of the United States."

It is further enacted (taking the substance of secs. 2322 and 2329 together) that this right to possess and enjoy such mineral *deposits* and *lands* when once vested in a qualified person, as provided in sec. 2320, is not only *exclusive,* but is absolutely *unlimited in duration.*

The right to *purchase* the premises so possessed is not limited in point of time, but may be exercised at any time, and is made to depend solely on the qualifications of the possessor, and a compliance with the rules of location and possession referred to in sec. 2320.    (See sec. 2325.)

By the COURT :

In the briefs of appellant and respondent this is called " an action to quiet title." It is a suit under sec. 738 of the Code of

Civil Procedure, and the complaint is to be treated as a bill in equity. The general verdict of the jury, therefore, is to be disregarded. If this were the only question to be considered, the cause would be remanded to the Court below to find the facts. But the case made by plaintiff simply shows that he is in possession.

As against a mere trespasser, one in possession of a portion of public land will be presumed to be the owner, notwithstanding the circumstance that the Court has judicial notice that he is not the owner, but that the Government is. This rule has been maintained from motives of public policy, and to secure the quiet enjoyment of possessions which are intrusions upon the United States alone.

But it would be carrying a presumption against the fact to an absurdity to say that one in possession who has not acquired the fee from the Government—the true owner—is entitled to a decree, the practical effect of which is to prohibit a third person from obtaining title by purchase, or by appropriate proceedings under statutes of the United States. The respective claims of conflicting claimants may be asserted in the appropriate tribunals established by the Government for that purpose. A decree here in favor of plaintiff would have no effect by way of inducement to the officers of the Land Department of the United States to issue the patent to plaintiff; and if we had the power, it would be an illy advised employment of equity jurisdiction to prevent the defendant from proceeding with his application, or, worse still, to decide in advance that he had no right on which to base his application.

Judgment and order reversed, and cause remanded for a new trial.