| 67 | 275 |
| 83 | 557 |
| 67 | 275 |
| 98 | 520 |
| 67 | 275 |
| 109 | 641 |
| 67 | 275 |
| 137 | 415 |

[No. 9617.   Department One.— August 1, 1885.]

THOMAS ORR, APPELLANT, v. H. T. STEWART, RESPONDENT.

ACTION TO QUIET TITLE—LEGAL TITLE IN GOVERNMENT.—An action to quiet title to lands is maintainable in this State, although the legal title thereto is in the government of the United States.

MORTGAGE IN FEE—AFTER-ACQUIRED TITLE—FORECLOSURE.—Where a mortgage of land purports to convey the fee, any title afterwards acquired by the mortgagor will feed the mortgage and inure to the benefit of the mortgagee; and this is so although the title when the mortgage was made was in the government of the United States, and was acquired by the mortgagor after a foreclosure of the mortgage.

ID.—MORTGAGE OF HOMESTEAD.—Section 2296 of the United States Revised Statutes does not prohibit the voluntary mortgaging of land entered as a homestead.

APPEAL from a judgment of the Superior Court of Siskiyou County.

The facts are stated in the opinion.

*Nichols & Abels*, for Appellant.

*J. S. Beard, John V. Brown*, and *A. M. Rosborough*, for Respondent.

BELCHER, C. C.—In January, 1870, the defendant Stewart made a homestead entry in the proper United States land office upon 160 acres of public land in Siskiyou County, under the provisions of the Homestead Act of 1862. In December, 1875, he mortgaged the land with its appurtenances, to the plaintiff Orr, to secure the payment of his promissory note for $2,000. The mortgage was made in the form given in section 2948 of the Civil Code. In December, 1880, Orr commenced an action to

foreclose his mortgage, and on the 7th of February following, after a trial, obtained judgment for $4,106, and decree of foreclosure and sale. Under this decree the mortgaged property was sold by the sheriff on the 5th day of March, 1881, and bid in by Orr, and on the 10th day of September, 1881, he received the sheriff's deed. Possession of the property was surrendered to him on the same day he received his deed. A few days later Orr conveyed the premises to one Cunningham, and on the 5th of November, 1883, Cunningham and wife reconveyed to Orr. In October, 1883, Stewart went to the United States land office and was there permitted to commute his homestead entry into a cash entry, and he accordingly then paid the government price for the land in full, and received a duplicate receipt and certificate of purchase therefor. From the time he obtained possession under his sheriff's deed, Orr and his grantor remained in possession of the land up to the time when this action was tried.

This action was commenced by Orr to quiet his title to the said land and to certain water ditches, and water rights, alleged to be appurtenant thereto. The defendant answered, denying that the plaintiff owned, or was entitled to the possession of the land or its appurtenances, and setting up his proceedings in the land office to acquire the title.

The case was tried by the court and the facts found to be substantially as above stated, but judgment was entered in favor of the defendant upon the grounds as shown by the conclusions of law:—

"1. That the legal title to the land in controversy in this action, and to quiet which plaintiff has brought this action, is in the government of the United States.

"2. The fact that plaintiff is in possession under the decree of foreclosure and proceedings thereunder had, or that he obtained such title as defendant had at the time the mortgage was given, and decree made and entered in the former suit between these parties, does not entitle him to judgment in this action for said land, or ditches, or appurtenances.

"3. That this court cannot by its judgment and decree restrain the defendant from proceeding to acquire title under his homestead entry from the government of the United States.

"4. That to entitle the plaintiff to recover said land, he must possess a title superior to that of the defendant, and of course superior to that of the United States, or he must possess equities which will control the title in the defendant's name, and which he cannot do in this action, defendant not having acquired title . from the government of the United States."

The plaintiff appealed from the judgment, and the case comes here on the judgment roll.

The appellant contends that these conclusions of law are not the correct conclusions to be drawn from the facts, and that the judgment is, therefore, not supported by the findings. It is settled law in this State that an action to quiet title to a parcel of land may be maintained, notwithstanding the title to the land is still in the government of the United States. (*Brandt* v. *Wheaton*, 52 Cal. 430; *Wilson* v. *Madison*, 55 Cal. 5.)

It is also well settled that when a mortgage of land is made, purporting to convey the land in fee, any title afterwards acquired by the mortgagor will feed the mortgage and inure to the benefit of the mortgagee (*Clark* v. *Baker*, 14 Cal. 612; 76 Am. Dec. 449; *Kirkaldie* v. *Larrabee*, 31 Cal. 455; *Sherman* v. *McCarthy*, 57 Cal. 507); and this is so though the title when the mortgage was made was in the government and was afterwards acquired by patent from the government. (*Christy* v. *Dana*, 42 Cal. 174; *Camp* v. *Grider*, 62 Cal. 20.) The reason for the rule is said in *Clark* v. *Baker*, *supra*, p. 633, to be that the relation of the mortgagor is "one which requires him to preserve the property for the purpose of the security for which it was originally pledged; and hence to insure good faith and fair dealing, he is forever precluded from denying the existence of the lien which he has attempted to create, or defeating its enforcement against the property upon which it was placed."

Counsel for respondent do not question the rule as above stated, but they insist that it applies only when the outstanding title is acquired by the mortgagor before foreclosure of the mortgage, and that any title acquired by him after foreclosure and sale is not affected by it. In this counsel are mistaken. In *Vallejo Land Association* v. *Viera*, 48 Cal. 572, the same objection was raised, but the ruling was against the views of respondent here. That case was ejectment, and the plaintiff's title to

the land involved originated in a sheriff's deed given after a
foreclosure and sale of mortgaged property. At the time of the
foreclosure the title was in the government, but it was afterward
acquired by the defendant, who had been the mortgagor. The
court said: "The rule that a sheriff's deed delivered upon
execution sale imparts no warranty of title, but transfers to the
purchaser only such estate as was held at the time by the defend-
ant in execution has no practical application to a sheriff's deed
delivered upon foreclosure of a mortgage in fee; for, as we have
seen already, the defendant in the latter case must continue to
be estopped by the terms of the mortgage deed itself, to deny
that the estate was other or less than an estate in fee in the prem-
ises. These terms, importing a conveyance of the fee, are equiva-
lent to a covenant of general warranty of title running with the
land. We are therefore of opinion that the plaintiff is vested
with the legal title to the premises in controversy."

But if this be so, counsel still insist that the plaintiff cannot
maintain this action for the reason that his mortgage was taken
in violation of section 2296 of the Revised Statutes of the United
States, concerning homesteads, and was therefore void, and of
no effect.

That section reads as follows: "No lands acquired under the
provisions of this chapter shall in any event become liable to
the satisfaction of any debt contracted prior to the issuing of the
patent therefor."

The same section was invoked in *Kirkaldie* v. *Larrabee*, 31
Cal. 455, to defeat the mortgage then sought to be foreclosed,
but it was held not to apply to voluntary conveyances or
mortgages in fee. The court said: "There is nothing in the
Homestead Act of 1862 forbidding a voluntary alienation by
the grantee under that act. The same principal applies to a
mortgage of the fee. (*Clark* v. *Baker*, 14 Cal. 630.) The title
will pass not merely in consequence of the enforcement of the
payment of a debt by the ordinary process of the courts, but
in consequence of the voluntary contract of the party in executing
the mortgage. The mortgagor of the fee is estopped from deny-
ing the existence of the lien which he has attempted to create,
and from defeating, by his own act, the enforcement of the lien
against the property thus mortgaged."

When the plaintiff's mortgage was executed, the Code (Civ. Code, § 2930) provided that "title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security for the debt, in like manner as if acquired before the execution." It was a voluntary mortgage in fee, and was not made void or voidable by any provision of the homestead act. It follows that the plaintiff had the right to maintain his action and to have his title to the land in controversy quieted, as against any title which the defendant has acquired or may acquire from the government or otherwise, and that the court erred in rendering judgment for the defendant.

The judgment should be reversed and the cause remanded.

SEARLS, C., and FOOTE, C., concurred.

The COURT — For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.