### FOSS v. DAM.

(Second Division.   Nome.   December 7, 1901.)

No. 318.

⅃. PUBLIC LANDS—QUIETING TITLE.
> One who is in possession of a lot on the public lands in Alaska,
> and using the same for purposes of trade or residence, may main-
> tain a suit to quiet his title thereto.

Demurrer to Complaint.  Overruled.

S. A. Keller and S. C. Blackett, for plaintiff.

Jackson, Pittman & Fink, for defendant.

WICKERSHAM, District Judge.   Demurrer to com-
plaint that it does not state facts sufficient to constitute a
cause of action.   The complaint shows the plaintiff's posses-
sion of a lot on the public lands, with store, residence, and
other property for trade and residence, and the usual allega-
tion that defendant claims an interest.   Plaintiff seeks to
quiet his title against the defendant.   The only point made
on the demurrer is that the plaintiff cannot maintain a suit
to quiet title upon mere possession of public land, and coun-
sel quotes Stark v. Starr, 73 U. S. 402, 18 L. Ed. 925, in
support of his contention.   The language depended upon is
as follows:

"We do not, however, understand that the mere naked possession
of the plaintiff is sufficient to authorize him to institute the suit, and
require an exhibition of the estate of the adverse claimant, though
the language of the statute is that 'any person in possession by him-
self or his tenant may maintain' the suit.   His possession must be
accompanied with a claim of right—that is, must be founded upon ti-
tle, legal or equitable; and such claim or title must be exhibited by
the proofs, and perhaps in the pleadings also, before the adverse
claimant can be required to produce the evidence upon which he
rests his claim of an adverse estate or interest."

The allegations in the complaint bring this case clearly within these words. They show the plaintiff to be in possession with store and dwelling house for purposes of trade and residence. The court will take notice of the act of March 3, 1891, entitled "An act to repeal timber culture law, and for other purposes" (26 Stat. 1095, c. 561, extending the town-site law to Alaska). Sections 11 and 12 [U. S. Comp. St. 1901, p. 1467] of this act provide for the sale of such land as that possessed by plaintiff for purposes of trade and residence, and a possession based upon such claim is founded upon sufficient title to maintain a possessory action under the Code, either by ejectment or suit to quiet title, as the fact of possession or want of it determines.

The fact that the real title is in the government has long been held in California not to prevent such actions by one claiming by right of possession only. Brandt v. Wheaton, 52 Cal. 430; Funk v. Sterrett, 59 Cal. 613; Orr v. Stewart, 67 Cal. 275, 7 Pac. 693. Such an action may be maintained in Alaska by one in possession claiming title under the United States land laws. Demurrer overruled.