## EDWARD CHRISTY *v.* JULIA E. DANA, ADMINISTRATRIX OF THE ESTATE OF E. O. DANA, DECEASED, AND THE NATOMA WATER AND MINING COMPANY.

MORTGAGE OF PUBLIC LANDS, WHEN TITLE IS SUBSEQUENTLY ACQUIRED—JUDGMENT OF FORECLOSURE.—D. in his lifetime mortgaged to plaintiff a tract of land, being part of the public domain—on which D. resided—intending to claim the same as a pre-emptor. The mortgage was duly acknowledged and recorded. There was a provision in the mortgage to secure the repayment of such sums as the plaintiff might pay, for his greater security, in procuring a title to the land, and for a reasonable attorney's fee in the event of a foreclosure. Thereafter D. filed his petition for the benefit of the insolvent laws, and in due course received his final discharge. Thereafter D. filed his claim in the Land Office to said land as a pre-emptor; plaintiff furnished the money to pay the Government price therefor, and in due course a patent was issued to D. Thereafter D. and wife conveyed the land by absolute deed to defendant N. Thereafter D. dying intestate, his wife—defendant J.—administered on the estate, which was insolvent. Thereafter and during said administration, on default of payment of the several sums secured to be paid by the mortgage, plaintiff brought action to foreclose against J., as administratrix, and N.; and in complaint, after setting up the foregoing facts, prayed for a sale of the land mortgaged and an application of the proceeds of sale to the payment of the principal of his debt and interest thereon, until paid, at the contract rate, which exceeded ten per cent per annum, also said money advanced, and for one hundred and fifty dollars attorney's fees, but expressly waived judgment against the estate of D. for any deficiency. In answer, J. confessed the complaint and consented to judgment as prayed; but N. in answer set up as ground of equitable defense, the said insolvency proceedings

and discharge of D., and that plaintiff's debts were barred thereby; that said conveyance by deed from D. and wife contained full covenants for title, and against all incumbrance of said land done or suffered by D., and that the consideration paid was the full value of the land. To the answer of N. there was no replication filed, which, under the statute as then existing, had the effect of confessing the truth of such new matter. Plaintiff had judgment as prayed for in complaint. *Held*, first, that said new matter set up in answer was of immaterial facts, only; second, that as no judgment passed against the estate of D., section 131 of the Probate Act had no application, and the judgment as to interest after administration commenced—notwithstanding the estate of D. was insolvent—was proper; third, that the title to the land acquired subsequent to the mortgage under said patent, inured to the benefit of plaintiff as mortgagee; and fourth, that plaintiff was entitled to enforce his mortgage as against the land mortgaged, notwithstanding the personal liability of D. for the debts may have been barred by said discharge.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

. *C. G. W. French*, for Appellant, argued that the judgment was erroneous in awarding respondent interest over ten per cent per annum after administration commenced; and cited Probate Act, Sec. 131, and *Ellis* v. *Polhemus*, 27 Cal. 359. That the patent title acquired by Dana after the execution of respondent's mortgage did not inure to the benefit of the mortgagee under the provisions of sections thirty-three and thirty-six of the Act concerning conveyances; and cited Probate Act, Sec. 260; *McMillan* v. *Richards*, 9 Cal. 365; *Peters* v. *Jamestown Bridge Co.*, 5 Cal. 336; *Bennett* v. *Taylor*, 5 Cal. 502; *Ord* v. *Olecker*, 5 Cal. 516; *Bennett* v. *Solomon*, 6 Cal. 138; *Phelon* v. *Olney*, 6 Cal. 483; *Belloe* v. *Rogers*, 9 Cal. 125; *McMillan* v. *Richards*, 9 Cal. 411; *Noyle* v. *Macy*, 9 Cal. 428; *Hickox* v. *Low*, 10 Cal. 206; *Koch* v. *Briggs*, 14 Cal. 263, and all cases later.

*R. C. Clark*, for Respondent, argued that the judgment appealed from was proper; and cited *Clark* v. *Baker*, 14 Cal. 612; *Kirkaldie* v. *Larrabee*, 31 Cal. 455.

By the Court, CROCKETT, J. :

This is an action to foreclose a mortgage made by E. O. Dana, deceased, in his lifetime, to the plaintiff, upon a tract of land which at the time was a part of the public domain, but upon which Dana resided, and which he proposed to claim as a pre-emptor. The land is described in the mortgage as " fragment of southwest quarter of Section Twenty-four, and fragment of northwest quarter of Section Twenty-five, Township Ten north, Range Seven east, Mount Diablo Meridian, being a possessory claim under the statute of California; said land containing one hundred and twenty-five acres, more or less, and being the only possessory claim held by said party of the first part in said county."

The mortgage was dated March 3d, 1863, and was duly recorded March 9th, 1863. On the 12th of May, 1865, Dana duly filed his petition for the benefit of the Insolvent Laws, and after proper proceedings obtained his final discharge on the 25th of February, 1866. Dana's pre-emption claim being perfected, the plaintiff furnished the money to pay the Government price for the land, and the patent was issued to Dana April 13th, 1866. On the 30th of April, 1866, Dana and his wife conveyed the land by absolute deed to the defendants, the Natoma Water and Mining Company, for a valuable consideration, describing the land in the deed as " fractions numbered four and five of Section Number Twenty-four, and fraction number one of Section Number Twenty-five, Township Ten north, Range Seven east, Mount Diablo base and Meridian." From the proof and findings it appears that the land included in the deed is the same land embraced in the mortgage to the plaintiff. On the 5th of May, 1866, E. O. Dana died intestate, and on the 22d of the same month his widow, the defendant Julia E. Dana, was duly appointed administratrix of his estate. There is a provision in the mortgage to secure the repayment of any money which the plaintiff might pay for his greater security in procuring the title to

the land or otherwise, and for a reasonable attorney's fee in the event of a foreclosure.

The action is brought against the administratrix and against the Natoma Water and Mining Company, and the complaint prays for a foreclosure of the mortgage and a sale of the land, but expressly waives a judgment against the estate for any deficiency.

The administratrix, in her answer, admits the allegations of the complaint, and consents to a judgment of foreclosure, as prayed for. The answer of the Natoma Water and Mining Company denies that the land included in the deed is the same land embraced in the mortgage, and denies that the whole mortgage debt remains unpaid; but admits that the plaintiff's claim was presented to the administratrix for allowance, and denies that at the time it was presented she was acting as such administratrix, and also denies that the plaintiff paid the money to the Government, as he alleges.

The answer then proceeds to set up what it designates as a "further and equitable defense" to the action, and avers that Dana was regularly and duly discharged from all his debts, including the plaintiff's, under the proceedings in insolvency; that Dana filed his declaratory statement as a pre-emptioner on the 3d of July, 1865, for the lands as they are described in the deed to said defendant, and paid for the land and received his certificate of purchase in October, 1865, and his patent on the 13th of April, 1866; that on the 30th of April, 1866, Dana and his wife sold and conveyed the land to said defendant for one thousand dollars, which was its full value; that said land, so conveyed, embraced a portion of the land included in the mortgage; that in their deed, Dana and his wife warranted the premises to be free from incumbrance done or suffered by them, with full covenants for further assurance; and prays, as affirmative relief, that the land conveyed to the defendant may be decreed to be free from the plaintiff's lien, and that the plaintiff's claim be

adjudged to be null and void. No replication was filed to this portion of the defendant's answer.

On the trial, the District Court found the facts to be substantially as we have recited them, and entered a judgment of foreclosure for the principal and interest due on the note, together with the amount paid by the plaintiff to the Government for the purchase of the land, and one hundred and fifty dollars attorney's fee, and ordered the judgment for principal and interest to bear interest until paid at the rate stipulated in the note and mortgage. The Natoma Water and Mining Company made a motion for a new trial, which was denied, and it has appealed both from the order and the judgment.

The points relied upon by the appellant are, in substance :

First—That there being no replication to its answer, the affirmative matter therein contained stands admitted, and no proof to the contrary was admissible.

On examining the answer we find no new matter which was material. It avers, it is true, that the plaintiff's debt was barred by the discharge in insolvency ; but that is only a conclusion of law, and not a fact, and on the facts admitted it is evident the plaintiff was entitled to enforce his mortgage as against the land, notwithstanding the personal liability of Dana for the debt may have been barred by the discharge.

Second—That Dana's estate being insolvent, the plaintiff, under section one hundred and thirty-one of the Probate Act, could only recover interest at the rate of ten per cent per annum after the letters of administration issued.

The plaintiff asks no relief against the estate, and it is, therefore, of no importance to those interested in the estate whether the interest be greater or less. The estate has no interest in the land, and could in no manner be benefited by a reduction of the interest. Section one hundred and thirty-one of the Probate Act has no application to such a case.

Third—That the land included in the deed is not the same land included in the mortgage.

This objection is answered by the finding, which explicitly

declares the lands to be identical, and the proof fully supports the finding.

Fourth—That the mortgage does not authorize the money paid by the plaintiff to the Government and the attorney's fee to be included in the judgment.

We think the mortgage fully supports the action of the Court in respect to these items.

Fifth—That the plaintiff's claim was not presented to the administratrix for allowance until after the administration was closed.

There appears to be some confusion in the record on this point. But we do not comprehend how it was possible that the estate could be closed on the 5th of June, 1866, when the letters of administration were granted on the 22d of May, 1866. The findings do not state when the estate was closed, and there was no exception to them on that ground.

It is therefore too late for the defendant to raise this point, even if it was material. But inasmuch as no relief is demanded against the estate, and the intestate at the time of his death had no interest in the land, there was no need for the plaintiff to present his claim to the administratrix for allowance.

Sixth—That the Court erred in admitting certain oral testimony on behalf of the plaintiff.

But the testimony was competent to establish that the defendant, the Natoma Water and Mining Company, had express notice of the plaintiff's mortgage before taking a deed for the land, if such proof had been needed; but we do not perceive the materiality of such proof when the mortgage was duly recorded and operated as constructive notice.

Seventh—That inasmuch as Dana had no title to the land at the date of the mortgage, the title which he subsequently acquired by means of the patent did not inure to the benefit of the plaintiff as mortgagee.

This is no longer an open question in this Court, and is

70

fully decided in *Clark* v. *Baker*, 14 Cal. 612; *Kirkaldie* v. *Larrabee*, 31 Cal. 455. This disposes of all the points raised by the appellant, and we are strongly inclined to treat the appeal as frivolous and taken only for delay.

Judgment affirmed.