[No. 3,245.]

NICHOLAS     SCHADT     *v.*     WILLIAM     NICHOLAS HEPPE, ADMINISTRATOR OF THE ESTATE OF JACOB HEPPE, DECEASED, ROSA HENRIETTA HEPPE, HENRIETTA HORNING, D. G. HORNING, AND JAMES E. SMITH.

SETTING APART HOMESTEAD FOR FAMILY USE.—When, after the death of the husband, the premises constituting the family residence are set apart by the Probate Court for the use of the widow and family, they cease to be a part of the assets of the estate, and are no longer subject to the control of the administrator or Probate Court.

FORECLOSURE OF MORTGAGE AGAINST ESTATE.—When the family residence, which has been mortgaged before the husband's death, is set apart after his death, by the Probate Court, for the use of the widow and family, the administrator of the estate is not a necessary party to the foreclosure of the mortgage, provided no personal claim is made against the estate.

PRESENTING MORTGAGE CLAIM TO ADMINISTRATOR.—When the family residence, the common property of the husband and wife, is mortgaged, and the husband afterward dies and the premises are then set apart by the Probate Court, for the use of the widow and family, it is not necessary to present the mortgage claim to the administrator for allowance, before suit to enforce it, provided no claim is made against the assets of the estate for a deficiency.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

On the 29th day of September, 1868, the note in suit was executed by Jacob Heppe, and the mortgage was also given to secure the same by said Jacob, and Henrietta, his wife. The note was for three thousand dollars, and fell due two years after date. Suit was commenced to foreclose the mortgage in December, 1871. The complaint averred that the premises had been set apart by the Probate Court, for the use of the widow and family. The answer set up, as a defense, that the claim had not been presented to the administrator for allowance. The case was submitted on the pleading, and on a stipulation that the premises were the common property of Heppe and wife. The widow had married D. G. Horning before this suit was commenced, and Smith was made a defendant under an allegation that he had a subsequent mortgage. The Court below enforced the mortgage and the defendants appealed.

The other facts are stated in the opinion.

*Edgerton & Smith*, for Appellants.

The note and mortgage were barred by section one hundred and thirty of the Probate Act, because not presented to the administrator for allowance.

"Sec. 130. If a claim be not presented within ten months after the first publication of the notice, it shall be barred forever; *provided,* if it be not then due, or if it be contingent, it may be presented within ten months after it shall become due or absolute," etc. (Belknap's Probate Law, p. 85.)

"Sec. 133. If the claim be founded on a bond, bill, note, or other instrument, the original instrument shall be presented, and the allowance and approval or rejection shall be indorsed thereon, or be attached thereto. If the claim, or any part thereof, be secured by a mortgage or other lien, such mortgage, or other evidence of lien, shall be attached to the claim and filed therewith, unless the same be recorded

in the office of the Recorder of the county in which the land lies, in which case it shall be sufficient to describe the mortgage or lien, and refer to the date, volume, and page of the record," etc.

"Sec. 136. No holder of any claim against an estate shall maintain any action thereon unless the claim shall have been first presented to the executor or administrator."

In *Ellison* v. *Halleck*, 6 Cal. 385, a bill was filed against executors to foreclose a mortgage given by the testator to secure payment of his promissory note. The complaint contained no averment of presentment of the note to the executors for allowance, as required by law. The complaint was demurred to on two grounds: First, that the District Court had no jurisdiction of the persons of the defendants, or of the subject of the action; and, second, that the complaint did not state facts sufficient to constitute a cause of action.

The Court below sustained the demurrer on both grounds, and this Court affirmed the judgment. The point that a mortgage is not a claim within the meaning of the law, that an action to foreclose a mortgage is not an ordinary proceeding to recover a debt, and that, therefore, it is unnecessary to present either the mortgage or the claim secured by it to the administrator, as required by section one hundred and thirty of the Probate Act, was distinctly made on behalf of the plaintiff in that case, and was overruled. Per MURRAY, C. J.: "The word claim, employed by the statute, is sufficiently comprehensive to include every species of charge or account against an estate, whether the same be recorded or not."

Appellants' counsel then reviewed all the cases after *Ellison* v. *Halleck*, attempting to show that it had not been overruled.

*McKune & Welty*, for Respondent.

A mortgage is not necessarily a "claim" against the

estate, within the meaning of section thirteen of the Probate Practice Act; and a suit to foreclose a mortgage made by a testator, or intestate, in his lifetime, may be maintained without presentation of such mortgage to the executor or administrator for allowance or rejection. (*Fallen* v. *Butler,* 21 Cal. 24, overruling *Ellison* v. *Halleck,* 6 Cal. 386; and *Faulkner* v. *Folsom's Executors,* 6 Cal. 412; *Lent* v. *Morrill,* 25 Cal. 492; *Pichaud* v. *Rinquet,* 21 Cal. 76; *Willis* v. *Farley,* 24 Cal. 499; *Wright* v. *Ross,* 36 Cal. 414, 438; *Christy* v. *Dana,* 34 Cal. 552; *Sichel* v. *Carillo,* 42 Cal. 493.)


By the Court, BELCHER, J.:

The plaintiff did not present his note and mortgage to the administrator for allowance within ten months after the first publication of notice to creditors, nor within ten months after they became due; and the only question is, whether they thereby became barred under the provisions of section one hundred and thirty of the Probate Act.

The mortgage was executed by Jacob Heppe and his wife, upon a lot in the City of Sacramento, then held and owned by them as common property, to secure his individual note.

On the 20th day of February, 1870, and before the note became due, Heppe died intestate, leaving the defendants, Henrietta, his widow, and Rosa Henrietta, his infant daughter, his only heirs.

Early in March of the same year letters of administration upon the estate were issued to the defendant, William Nicholas Heppe, who thereupon qualified and entered upon the duties of his office.

In April, 1870, upon petition of the widow, the Probate Court made an order, which is still in force, setting apart the mortgaged premises for the use and benefit of the widow

and her infant child, and freeing the same from further administration.

In his complaint the plaintiff has disclaimed all right to go against the general assets of the estate, or to have any decree entered, other than for the foreclosure of the mortgage and sale of the premises, for the payment of the sum due on the note, and costs of suit.

At the trial the plaintiff obtained a decree foreclosing his mortgage; but no judgment over was rendered against any of the defendants or the estate.

When the mortgaged premises were set apart for the use of the widow and family, they ceased to be a part of the assets of the estate, and were no longer subject to the control of the administrator or the Probate Court.

The present right to the possession of the property at once passed to the widow and child, and they thenceforth held it subject to the mortgage, but free from all other claims against the estate. (Estate of Orr, 29 Cal. 101.)

For the purposes of a mere foreclosure, therefore, the administrator was no longer a necessary or proper party to the action. Nothing being claimed against the estate, it was a matter of no concern to him whether the mortgage should be foreclosed or not.

As thus presented, we do not think the case distinguishable in principle from *Christy* v. *Dana*, 34 Cal. 548; *Wright* v. *Ross*, 36 id. 414, and *Sichell* v. *Carillo*, 42 Cal. 493.

In *Christy* v. *Dana*, a mortgage had been executed by the intestate upon certain lands, which, prior to his death, he and his wife had conveyed to the Natoma Water and Mining Company. The action was brought against the administratrix and the company for the foreclosure of the mortgage. A decree of foreclosure had been rendered, and one of the points relied on for a reversal was: "That the plaintiff's claim was not presented to the administratrix for allowance until after the administration was closed." It was held that

"inasmuch as no relief is demanded against the estate, and the intestate, at the time of his death, had no interest in the land, there was no need for the plaintiff to present his claim to the administratrix for allowance."

In *Wright* v. *Ross*, the defendant held a note and mortgage, executed by one Turner, as collateral security for a note made by one Buckelew. Buckelew died and his executrix gave the requisite notice to creditors. The note was not presented to the executrix for allowance, and it was claimed that it thereby became barred, and Ross lost all right to retain the collateral security or its avails. The Court said: "If the creditor of a deceased person would preserve his claim against the estate of the deceased, to be paid in course of the administration, he must present it to the personal representative of the deceased as required by the statute, otherwise it becomes barred forever; that is, it becomes barred as a claim against the estate, and no action can be maintained thereon. (Probate Act, Chap. 6.) But if he have in his possession property which by contract he holds as security for the payment of the amount due him, we do not understand he loses his right to retain it in pursuance of the terms of his contract because he fails to present his claims against the estate. He may not desire to look to anything for payment, except that which he has in possession, and which he has a right to retain until his demand is satisfied."

In *Sichell* v. *Carillo*, the wife of one Rains had joined him in the execution of a mortgage upon her separate estate to secure the payment of his individual note. Rains died and the action was afterwards brought against her to foreclose the mortgage. The note was never presented to the administrator of Rains' estate, but it was held that there was no bar as against her and the land mortgaged. "It may be," said the Court, "that where the personal liability is against the estate, and the mortgaged property belongs to the estate, so

that, in any event, the debt would have to be satisfied out of the estate, it would be necessary to present the claim to prevent a bar and keep the remedy alive as to the debt, in order to uphold the remedy on the mortgage. But the principle can have no application to the case now in hand, where there is a contract of another party still alive—where the land is under a contract, not barred, to satisfy the demand."

Judgment affirmed.