[No. 1175.]

EMMA RICKARDS, RESPONDENT, *v.* GEORGE R. HUTCHINSON, APPELLANT.

MARRIED WOMEN—MORTGAGE.—A married woman who holds the title to her separate property may execute a mortgage thereon in her own name. (Stat. 1869, 194, sec. 9.)

FORECLOSURE OF MORTGAGE—ADMINISTRATOR—ESTATES OF DECEASED PERSONS—CLAIMS AGAINST.—In an action to foreclose a mortgage after a conveyance of the mortgaged premises and the death of the mortgageor, when no judgment against the estate of the latter is asked for, it is unnecessary for the mortgagee to present the note and mortgage to the administrator of such estate for allowance.

Idem—Parties to Action.—The mortgagee may maintain an action to foreclose the mortgage against the grantee of the mortgaged premises alone, without serving the administratrix, as she is not, in such cases, a necessary party to the action.

Idem—Statutes of Limitation—Trustee.—When a married woman, who holds the legal title to real estate in her own name, mortgages the same to a *bona fide* mortgagee, without notice that she holds the same in secret trust for another, to whom she afterwards conveys it, the right of the mortgagee to foreclose the mortgage is not barred, as against such grantee, because more than four years have elapsed since the maturity of the indebtedness secured, unless the right to foreclose is barred as against the mortgageor.

Idem—Counsel Fees.—The mortgage provided for the allowance of counsel fees "at the rate of —— per cent. upon the amount which may be found to be due for principal and interest." The court allowed one hundred and fourteen dollars, being twenty-five per cent. of the amount found due: *Held,* that such an allowance was authorized by the terms of the mortgage.

On Rehearing—Statute of Limitations, Sections Sixteen and Twenty-three Construed.—In construing the statute of limitations: *Held,* that the mortgagee is entitled to have a person *in esse,* within this state, against whom she could bring suit, for the full period of time prescribed in section 16 (1 Comp. Laws, 1031), and that the object of section 23 (1 Comp. Laws, 1038) was to extend the time, in certain cases, within which actions might be commenced and was not intended to limit the time given by other sections of the act.

Appeal from the District Court of the Seventh Judicial District, Washoe County.

The facts appear in the syllabus and opinion.

*Thomas E. Haydon,* for Appellant :

I. Plaintiff's complaint does not state facts sufficient to constitute a cause of action. (*a.*) As against the administratrix and administrator, it fails to show any presentation to them, or either of them, of any claim against the estate of their decedent. This is a fatal error. (1 Comp. Laws 618 ; *Harp* v. *Calahan,* 46 Cal. 233 ; *Pitte* v. *Shipley,* 46 Cal. 161 ; *Whitmore* v. *San Francisco S. U.,* 50 Cal. 150 ; *Marsh* v. *Dooley,* 52 Cal. 235.) (*b.*) As plaintiff claimed in her original complaint, judgment over against the estate the presentation was necessary ; but plaintiff amended by dismissing claim for personal judgment against the estate. This amendment made the administratrix and administrator

improper and unnecessary parties to this suit ; and this suit should have been abated for misjoinder, plead in defendant's answer after such amendment.    (Practice act, secs. 40, 44 ; 2 Estee's Pl. 449, note 87 ; Bliss on Code Pl. sec. 102 ; Story's Eq. Pl. sec. 197.)    (c.)  The representatives of Mrs. Wheat, deceased, were, after the deficiency was abandoned, no longer necessary or proper parties to this suit.    (*Christy* v. *Dana*, 34 Cal. 553 ; *Sichel* v. *Carrillo*, 42 Cal. 504 ; *Schadt* v. *Heppe*, 45 Cal. 437.)

II.  The complaint shows on its face that any action against appellant on the mortgage, is barred by the four years limitation.    Appellant having acquired his interest in the mortgaged property subsequent to the mortgage, may invoke the aid of the statute of limitations as against the mortgage.    (*Lord* v. *Morris*, 18 Cal. 490, 491 ; *McCarthy* v. *White*, 21 Cal. 496 ; *Wormouth* v. *Hatch*, 33 Cal. 126 ; *Wood* v. *Goodfellow*, 43 Cal. 185 ; *Lent* v. *Shear*, 26 Cal. 361 ; *Grattan* v. *Wiggins*, 23 Cal. 25 ; *Coster* v. *Brown*, 23 Cal. 143.)    The statute of limitation provides that civil actions can only be commenced within the period prescribed by that act, except where a different limitation is prescribed by statute.    (1 Comp. Laws. 1016.)    And the statute runs in all cases not therein expressly excepted from its operation.    (*Tynan* v. *Walker*, 35 Cal. 636.)    In this case there is absolutely nothing, alleged or *suggested*, why the statute does not run in favor of appellant.

III.  There are no facts stated in the complaint sufficient to constitute a cause of action against appellant.    He is not shown to be in possession of the mortgaged premises ; to have been assignee thereof from the mortgageor.    It was incumbent on the plaintiff to have alleged every fact necessary to show a complete cause of action against the appellant ; what his title was to the mortgaged premises, when and how derived, that he was in possession, also alleging facts to show, that notwithstanding the coverture of Nancy L. Wheat, she had legal capacity to execute the note and mortgage in suit, in addition to showing a state of facts that would avoid the bar of the statute of limitation.    Being

under coverture, she could execute no notes, mortgages, or contract, except where expressly authorized by statute, or done in consonance with the trust reposed in her, that was, to collect rents, secure the title, and re-convey. (*Beckman* .v. *Stanley*, 8 Nev. 261; *Harrison* v. *Brown*, 16 Cal. 289.)

IV. The statute of limitation commenced running on this note and mortgage May 22, 1877, or May 25, 1877, allowing three days grace. (1 Comp. Laws 1038.) And time to sue expired in May, 1881. · (1 Comp. Laws 1033; *Smith* v. *Hall*, 19 Cal. 86; *Hibernia S. and L. Society* v. *Herbert*, 53 Cal. 378.) To bring this case within the fourth clause of sec. 16 (1 Comp. Laws 1031), the facts constituting a substantive fraud, and showing date of discovery, must have been alleged. (*Sublette* v. *Tinney*, 9 Cal. 424; Story's Eq. Pl. sec. 484; *Smith* v. *Richmond*, 19 Cal. 481; *Boyd* v. *Blankman*, 29 Cal. 44–5; *Carpentier* v. *City of Oakland*, 30 Cal. 444; *Curry* v. *Allen*, 34 Cal. 257.)

*William Webster* and *Roger Johnson*, for Respondent:

I. The action was not barred by the statute of limitations at the time it was commenced. The representative of the estate was absent from this state for about two years during the time the statute might have been running. No notice to creditors was ever given. (*Quivey* v. *Hall*, 19 Cal. 98.) It was not necessary for plaintiff to show that no notice had been given, or to allege it in complaint. (*Harp* v. *Callahan*, 46 Cal. 233.) It was not necessary to present the claim to administratrix for allowance if, as appellant claims, the property never was assets of the estate. (*Christy* v. *Dana*, 34 Cal. 553; *Corbett* v. *Rice*, 2 Nev. 330.) "No lien against any estate shall be affected by the statute of limitations pending the settlement of such estate." (1 Com. L. 668.) The action was not barred as against appellant. While this is in the nature of an action *in rem*, there must always be some person in existence who could be made a defendant in the action; some one claiming the equity of redemption.

*Thomas E. Haydon,* for Appellant, on rehearing :

Upon the question of the statute of limitation, cited the following authorities : (*Henry* v. *Confidence Co.*, 1 Nev. 622 ; *Read* v. *Edwards*, 2 Nev. 264; *Mackie* v. *Lansing*, 2 Nev. 302 ; *White* v. *Sheldon*, 4 Nev. 293 ; *Cookes* v. *Culbertson*, 9 Nev. 207 ; *Bassett* v. *Monte Christo M. Co.*, 15 Nev. 300 ; *Hibernia L. S.* v. *Herbert*, 53 Cal. 375 ; *Danglada* v. *De La Guerra*, 10 Cal. 386 ; *Smith* v. *Hall*, 19 Cal. 85 ; *Lowell* v. *Kier*, 50 Cal. 646 ; Ang. on Lim. sec. 56 ; *Rhodes* v. *Smethurst*, 4 M. & W. 42 ; *Freake* v. *Cranefeldt*, 3 Mylne & C. 500 ; *Pipkin* v. *Hewlett*, 17 Ala. 291 ; *Mills* v. *Glover*, 22 Geo. 319 ; 2 Jones on Mort. secs. 1207, 1210 ; *Anderson* v. *Baxter*, 4 Or. 105 ; *Eubanks* v. *Leveridge*, 4 Saw. 274 ; *Christophers* v. *Garr*, 6 N. Y. 61 ; *Sanford* v. *Sanford*, 62 N. Y. 555 ; *Pitte* v. *Shipley*, 46 Cal. 161 ; *Marsh* v. *Dooley*, 52 Cal. 234 ; *Ellissen* v. *Halleck*, 6 Cal. 386 ; *Falkner* v. *Folsom*, 6 Cal. 412 ; *Ellis* v. *Polhemus*, 27 Cal. 350 ; *Lord* v. *Morris*, 18 Cal. 482 ; *Low* v. *Allen*, 26 Cal. 141 ; *Lent* v. *Morrill*, 25 Cal. 492.)

By the Court, HAWLEY, C. J.:

On the twenty-second day of May, 1876, Mrs. Nancy L. Wheat made, executed, and delivered to respondent her promissory note for three hundred dollars, payable on the twenty-second day of May, 1877, and, to secure the payment of the note, gave a mortgage upon certain real estate situate in the town of Reno, in Washoe county. On the twenty-second day of March, 1879, Mrs. Wheat died intestate, and on the thirty-first day of May, 1879, her daughter, Mrs. L. C. Stiger, received letters of administration upon her estate and ever since has been the administratrix thereof. This action was commenced on the ninth day of August, 1882, against the administratrix to foreclose said mortgage. Appellant was made a party defendant, it being alleged in the complaint that he claimed an interest in the property and that his interest "is subsequent to and subject to the lien of plaintiff's mortgage." Although the administratrix is named as a party defendant, she was not

served with any process, and appellant is the only party appearing as a defendant. He interposed a demurrer to the complaint, and upon its being overruled, filed an answer. Upon the argument on the demurrer respondent asked leave of the court, which was granted, to dismiss that part of her action which claimed a personal judgment against the estate of Mrs. Wheat for any deficiency that might remain after the sale of the mortgaged premises, and the application of the proceeds thereof to the payment of the judgment which she might obtain.

Several questions are presented by appellant, but the principal one raised by the demurrer and answer is whether the mortgage is barred by the statute of limitations. (1 Comp. Laws 1031.) Appellant claims that Mrs. Wheat, who was his mother, held the title to the property in her own name in trust for him. It appears from the evidence that in 1875 Charles Crocker was the owner of the land; that appellant then entered into a written contract with Crocker for the purchase of the property; that under this contract he was let into possession and improved the same; that owing to anticipated troubles with his then wife, and expecting that she would sue him for a divorce and claim the premises as a homestead, he gave up his contract with Crocker for the purchase of the property, and his mother then entered into a contract with Crocker for the purchase thereof in her own name. A portion of the money for which the note and mortgage was given was used by her to pay Crocker for the land, and was so used with the knowledge and consent of appellant. Crocker deeded the land to Mrs. Wheat on the ninth day of June, 1876. On the third day of December, 1878, Mrs. Wheat made and executed a deed, in fee-simple, of the land to appellant. This deed, however, was never delivered to appellant until the twenty-seventh of June, 1882, and was on that day filed for record in the office of the county recorder of Washoe county.

The court, upon the trial of this cause, found, among other things, "that the interest of said Hutchinson is sub-

sequent to, and subject to, plaintiff's lien; that if said Nancy L. Wheat, deceased, did, as defendant claims, hold the aforesaid property as his (Hutchinson's) trustee, nevertheless no trust was declared in writing previous to the giving of said note and mortgage; that said trust existed, if at all, by virtue of a secret agreement between said Hutchinson and said N. L. Wheat, deceased, of which plaintiff had no knowledge, either actual or constructive; that defendant, Hutchinson, was not in the occupancy or possession of said premises when said mortgage was given; that the mortgage was executed to secure a *bona fide* loan for value, after the trust was created by the defendant, Hutchinson, and accepted by N. L. Wheat; that no notice to creditors appears to have been given to the creditors of the estate of said Nancy L. Wheat; that the statute of limitation did not run against the demand of plaintiff after the death of said N. L. Wheat; that the statute of limitation was not put in motion against plaintiff and in favor of G. R. Hutchinson, until the deed from N. L. Wheat made in his favor, and in which the trust was declared was recorded, and that the demand of plaintiff is not barred by the statute of limitation; that since the appointment and qualification of said L. C. Stiger as administratrix," she "has actually resided and been beyond the limits of the state of Nevada, except for a period of about fifteen months, * . * * during which she has been within this state; * * * that at all the times mentioned in the complaint, said Nancy L. Wheat, deceased, was a married woman, but that the property mortgaged by her * * * was not the property of the community, but was, as to this plaintiff and to all the world, (except, perhaps, as to G. R. Hutchinson) her separate property."

There is enough evidence in the statement on motion for a new trial to support these findings, and the facts found by the court are sufficient to sustain the conclusions of law " that plaintiff is entitled to a decree against George R. Hutchinson for a sale of the property described in the mortgage," etc.

Mrs. Wheat at the time of the mortgage held the title to

the property in her own name as her separate property, and, under the provisions of section 9 of the act defining the rights of husband and wife, (1 Comp. Laws, 159,) she had authority to execute the mortgage in her own name. As the respondent does not ask for any judgment against the estate, and as the estate has no longer any interest whatever in the property, it was unnecessary for her to present the note and mortgage to the administratrix for allowance. She could thereafter maintain this action against Hutchinson alone for the foreclosure of the mortgage against the property, and it was unnecessary to serve the administratrix as she was not after such dismissal a necessary party to the action. (*Christy* v. *Dana,* 34 Cal. 553; *Schadt* v. *Heppe,* 45 Cal. 438; *Corbett* v. *Rice,* 2 Nev. 334; Bliss, Code Pl. sec. 102.)

If the statute of limitations could have been successfully interposed by the administratrix of the estate of Mrs. Wheat at the time appellant filed his deed for record, or at the time of the commencement of this action, there would not, of course, be any question as to his right to invoke the aid of the statute as a defense to this action; but it is apparent, from the facts stated, that the action was not barred by the statute as against the estate, (1 Comp. Laws, 1036,) and it is also apparent that appellant has not brought himself within any rule which would entitle him to plead the statute in his own behalf upon any other ground. He was not in possession of the premises at the time the mortgage was given, nor at any time thereafter until 1880. Respondent had no knowledge of the secret trust existing between him and his mother, or of appellant's interest or claim to the property until he had his deed recorded, which was more than four years after the maturity of the note.

The claim contended for by appellant, that the action as against him should have been brought within four years from the time of the maturity of the note, cannot be maintained upon reason or authority.

The allowance of counsel fees for the foreclosure was authorized by the terms of the mortgage. The amount

allowed was not, under the facts of this case, unreasonable.

The judgment of the district court is affirmed.

By the Court, HAWLEY, C. J., on rehearing:

A rehearing was granted in this case for the purpose of considering the question whether section 23 of the act defining the time of commencing civil actions (1 Comp. Laws, 1038) is applicable to this cause, and whether, under its provisions, this action was barred by the statute of limitations, it not having been commenced within one year after the issuing of letters testamentary on the estate of Mrs. Wheat. Appellant claims that when a cause of action has matured, and the statute of limitations has commenced to run, before the death of the party against whom such cause of action accrued, no suit can be maintained unless brought within one year from the death of the party; that the presence of the executor or administrator in, or his absence from, the state makes no difference with reference to the running of the statute. We do not think this position is sustained by the authorities cited in its support. We are of opinion that the plaintiff was entitled to have a person *in esse*, within this state, against whom she could bring suit, for the full period of time prescribed in section 16 (1 Comp. Laws, 1031), and that the object of section 23 was to extend the time, in certain cases, within which the actions might be commenced, and was not intended, and should not be so construed, to limit the time given by other sections of the act.

If Mrs. Wheat had lived, and been absent from the state for the same length of time as the administratrix was, the suit would have been commenced in time. Is the plaintiff not entitled to bring her suit within the time it could have been commenced, under similar conditions, if Mrs. Wheat had lived?

In California there is a provision in the Code identical with section 23 of our statute. In *Smith* v. *Hall* the supreme court of that state said that the object of the section "was not to curtail, but to prolong, the period for suing in the given category." (19 Cal. 86.)

In *Lowell* v. *Kier* the action was brought within the period limited for its commencement against the deceased party had he lived.   The court said:   "It is not barred merely because it was not brought within one year after the issuance of letters" to the executors of the estate ; that the section of the Code, "while it may, under some circumstances, prolong the time originally limited, cannot operate in any case to shorten it."   (50 Cal. 647.)

The views herein expressed are in accordance with the decisions of this court in *Wick* v. *O'Neale* (2 Nev. 303), instead of in opposition to it, as claimed by appellant.   There the court correctly construed section 23 so as to extend the time for the commencement of the action to "one year from the time of the issuing of letters testamentary" in a case where the action would, under the other sections of the act, have been barred before that time.   Our former decision was correct.

The judgment of the district court is affirmed.