## HILDRETH v. WILLIAMS.

### No. 19,125; August 25, 1893.

#### 33 Pac. 1113.

**Promissory Note—Attorney Fee—Pledge.**—Statutes of 1873–74, page 707, providing that "in all cases of foreclosure of mortgage the attorney's fee shall be fixed by the court, . . . . any stipulation in said mortgage to the contrary notwithstanding," relates only to mortgage foreclosures, and does not apply to an action to enforce a pledge.[1]

**Promissory Note—Amount of Attorney Fee.**—Where a stipulation in a note for an attorney's fee in case the note is sued on does not fix the amount of such fee, a reasonable sum therefor will be allowed.[2]

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

Action by Hugh R. Hildreth against Henry A. Williams. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Oscar A. Trippet for appellant; Conklin & Hughes for respondent.

SEARLS, C.—This is an appeal from a judgment in favor of plaintiff for $350, as an attorney's fee in an action in equity to enforce a pledge upon certain stocks given to secure the payment of a promissory note made by defendant to plaintiff for $3,500. The case comes up on the judgment-roll. The promissory note was in the usual form, with this addition: "And I further agree that, in the event of suit being brought against me, then there shall be added to any judgment against me, rendered in said suit, as counsel fees, an additional sum of —— per centum, in like gold coin, upon

---

[1] **Cited** with approval in Mason v. Luce, 116 Cal. 238, 48 Pac. 73, where it is held that if the note stipulates for payment of attorneys' fees, and the mortgage does not secure the payment by its terms, a personal judgment for such fees may be rendered in the foreclosure suit, notwithstanding the silence of the mortgage on the subject.

[2] **Cited** and followed in McCornick v. Swem, 36 Utah, 12, 102 Pac. 628, which holds that a stipulation in a note for an attorney's fee, no amount being mentioned, justifies the recovery of a reasonable fee.

the amount of the principal and interest hereof accrued at the time of the entry of such judgment, or if paid before judgment, and after action commenced, then on the amount at the date of payment.'' The only defense was as to the right of plaintiff to recover the counsel fee claimed in his complaint, and at the trial the amount claimed on the note, less counsel fees, was paid by defendant, and a stipulation filed that such payment should in no wise affect the question of plaintiff's right to recover counsel fees.

The whole right to recover counsel fees, in this state, is found in statute, or in contract: Sichel v. Carrillo, 42 Cal. 508; Mascarel v. Raffour, 51 Cal. 242. Section 1 of the act of March 27, 1874 (Stats. 1873–74, p. 707), provides that: ''In all cases of foreclosure of mortgage the attorney's fee shall be fixed by the court in which the proceedings of foreclosure are had, any stipulation in said mortgage to the contrary notwithstanding.'' In Monroe v. Fohl, 72 Cal. 568, 14 Pac. 514, the court doubted the right of the court to fix an attorney's fee, under this statute, in a case in which the mortgage failed to provide for a fee, and that the statute operated to limit the fee which the court could allow in a case where the parties had agreed upon a sum to an amount not greater than the sum so fixed; in other words, that the court can scale the agreed sum down, but not up. The reason given in that case for confining the action of the court to cases in which the parties have provided for an attorney's fee is that the title of the act is, ''An act to abolish attorneys' fees, and other charges in foreclosure suits''; thus evincing an intention to abolish rather than to provide by law for their recovery. The statute, whatever its construction, only treats of attorney's fees in actions of foreclosure of mortgages, and has no application to this case, which is an action to enforce the lien created by a pledge of personal property.

The question here must turn upon the contract contained in the promissory note. That contract provides that there shall be added to the judgment, or, if paid before judgment, and after action commenced, to the amount due, as counsel fees, ''an additional sum of —— per centum.'' In other words, the agreement is for a counsel fee, but the amount thereof is not provided. The contracting parties doubtless had in view the necessity of counsel in the event of proceed-

ings in court to enforce the obligation of the promissory note, and the maker of the note agreed to pay such counsel, in manner and form as quoted. In contracts for services, where the remuneration is not fixed by agreement, a recovery may be had upon a quantum meruit; that is to say, as much as the services are reasonably worth. If the clients of the learned counsel in this case have employed them herein, and agreed to pay them a counsel fee, without specifying the amount to be paid, it will doubtless occur to them that they are entitled to such sum as their services are reasonably worth. In principle, the case at bar does not differ from the example put. The contingency upon which the liability of defendant depended occurred when, at maturity, the note was not paid, and an action was commenced to enforce its collection. The amount of the counsel fee not having been stipulated, the plaintiff, in his complaint, averred that $500 was a reasonable sum. The court, as was its duty, passed upon the question, and awarded $350 as a proper amount. The evidence is not brought up, and hence we must conclude that it supported the findings upon this issue, and such findings are ample to support the judgment. Rickards v. Hutchinson, 18 Nev. 215, 2 Pac. 52, and 4 Pac. 702, was a case almost precisely like the present. The mortgage provided for the allowance of counsel fees "at the rate of —— per cent upon the amount which may be found to be due for principal and interest"; and the court said: "The allowance of counsel fees for the foreclosure was authorized by the terms of the mortgage." Alden v. Pryal, 60 Cal. 215, is another case in point, and the ruling was against the contention of appellant here. It is true these last two cases were upon the foreclosure of mortgages, but the decisions turned, not upon that fact nor upon any statute, but upon the contract which had been entered into by the mortgagors. The judgment appealed from should be affirmed.

We concur: Temple, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.