[No. 3,811.]

ALPHEUS BULL *v.* SAMUEL B. SHAW, LAURA
SHAW, HIS WIFE, AND CLAY DELANEY ET AL.

MORTGAGE ON PUBLIC LAND.---If a person is residing on public land subject
    to preëmption, and executes a mortgage thereon, and then sells the land
    to another, who takes possession and afterward preëmpts the land and
    obtains a title from the United States, the mortgage cannot be enforced
    against the title thus acquired from the United States, because the pre-
    emptor does not deraign his title from the United States through the
    person who executed the mortgage.

APPEAL from the District Court, Second Judicial Dis-
trict, County of Tehama.

Action to foreclose a mortgage, executed by S. B. Shaw
to J. N. Williams, on the 21st day of November, 1867, on
the northeast quarter and north half of southeast quarter

of section twelve, township twenty-four north, range two west, Mount Diablo base and meridian. The plaintiff was the assignee of the note and mortgage. The land was public land when the mortgage was given, and Shaw was residing on it. On the 1st day of October, 1868, Shaw sold the land to J. W. Delaney for the consideration of one thousand five hundred dollars, and delivered him possession. The granting clause in the mortgage was "do grant, bargain, sell and confirm unto the party of the second part, and to his heirs and assigns forever." In June, 1869, J. W. Delaney filed his declaratory statement as a preëmptioner, and died in November, 1870. Clay Delaney, the administrator of his estate, on behalf of his heirs, on the 23d of March, 1871, proved up, entered and paid for the land. This action was commenced October 10, 1870, and after the death of J. W. Delaney, his widow, Louisa Matilda, and his children were made defendants. The Delaneys were made defendants as purchasers from Shaw, after the execution of the mortgage.

The attorneys for the appellant claimed that Delaney bought subject to the mortgage, and that he and his heirs were estopped from denying Shaw's title, and the validity of the mortgage. The Court below enforced the mortgage as against Shaw, but dismissed the bill as to the Delaneys. The plaintiff appealed from that portion of the judgment which dismissed the bill as to the Delaneys.

*W. Henry Jones* and *John Currey*, for the Appellant.

The effect of the judgment, dismissing the action as to the Delaneys, is, that their title in and to the land claimed by them, was and is superior and paramount to the lien of the mortgage, and, therefore, is not subject to it, notwithstanding the ancestor of the defendants, the Delaneys, entered into and held the possession and enjoyment of such land, by purchase from Shaw, the mortgagor, subject to the mortgage, by express understanding and agreement. When the mortgage was made, Shaw was in the actual possession of the land and improvements thereon, mortgaged

by him, Possession is evidence of title. The land and improvements were proper subjects of disposition by grant, devise, or mortgage. (*Tartar* v. *Hall*, 3 Cal. 263; *Houseman* v. *Chase*, 12 Cal. 290; *Whitney* v. *Buckman*, 13 Cal. 536; *Haffler* v. *Maier*, 13 Cal. 14; *Clark* v. *Baker*, 14 Cal. 612.) The mortgagor, by virtue of his mortgage, became estopped from denying that he owned the land when he mortgaged it; for the words of grant were broad enough to carry and transfer to the grantee any title the grantor might afterwards acquire. In such case, "the interest, when it accrues, feeds the estoppel." The after interest acquired by Delaney inured to the benefit of the mortgagee, and he was bound to preserve the property for the purposes of the security. (*Barber* v. *Harris*, 15 Wend. 617; *Clark* v. *Baker*, 14 Cal. 625; *Kirkaldie* v. *Larrabee*, 31 Cal. 445; *Christy* v. *Dana*, 34 Cal. 553.)

*W. C. Belcher*, for the Respondents.

The Delaneys claim only as purchasers from the United States. The government, through its proper officers, had recognized their right to purchase, and had sold the land to them. They held in privity with the government, but not in privity with Shaw—not in subordination to the lien of the plaintiff's mortgage.

Counsel for appellant urge that the mortgage of Shaw purported to convey the fee—that J. W. Delaney succeeded to Shaw's possession of the land, and that under the decisions in *Clark* v. *Baker*, 14 Cal. 625; *Kirkaldie* v. *Larrabee*, 31 Cal. 455, and *Christy* v. *Dana*, 34 Cal. 553, all titles acquired by him, or by his wife and children, must be held subject to the lien of the plaintiff's mortgage—that the Delaneys all stood in such relation of trust to the holder of Shaw's mortgage that they could not be allowed to set up any title in themselves to defeat that lien.

The facts in these cases are not like the facts in the case at bar. In *Clark* v. *Baker*, Clark sold and conveyed the mortgaged property to Baker, and took a mortgage back for the purchase-money. Subsequently, Baker, finding that Touchard held the true title to the property, bought

that also, and gave a mortgage back for the purchase-money. The second mortgage was foreclosed without making Clark a party, and Boyreau bought the property at Sheriff's sale under the decree. He purchased Baker's interest in the property, and put himself in his shoes. The question was, whether Baker or his *locum tenens* could be heard to say that his mortgage, purporting to convey the title, did not convey it, when the statute had declared that when one had used words "purporting to convey the fee to lands, all titles subsequently acquired by the grantor should immediately pass to the grantee." Baker had used those words as the words of conveyance in his mortgage, and had subsequently acquired the true title, and subsequent to that, Boyreau, as purchaser at Sheriff's sale, had stepped into his place, having no other rights, in respect of the property, than Baker had. The Delaneys, respondents here, do not stand in the predicament of Larrabee; they are not seeking to defeat a mortgage made by them, but simply to protect from sale, to satisfy the debt of a stranger, the title acquired by them from the government.

In the case at bar, Shaw, at the date of the mortgage, had no title, nor did he buy in or acquire the true title. He did not convey to J. W. Delaney any title. He did what is frequently done among settlers upon public lands, left the premises, and Delaney entered upon them, and subsequently took the proper steps to acquire title from the government.

By the Court, McKINSTRY, J.:

The thirty-third section of the "Act concerning conveyances," provides in effect that if any person (not having the legal estate) shall convey land by conveyances purporting to convey the same in fee simple, and shall afterward acquire the legal estate, the estate subsequently acquired shall immediately pass to his grantee.

If Shaw had acquired the Government title after the execution of the mortgage, and, still later, had conveyed to Delaney, the latter and his heirs would have been es-

topped from asserting such title against the mortgage, because, in that case, Delaney would have acquired the title from Shaw, in whose hands (by operation of the statute) it had already been subjected to the mortgage lien. (*Kirkaldie* v. *Larrabee*, 31 Cal. 455; *Clark* v. *Boyreau*, 14 Cal. 636.)

Delaney, however, did not deraign his title from the United States through Shaw, and the statute does not provide that any estate or title which may be acquired by the assignee or grantee of the mortgagor shall be bound by the mortgage.

Delaney was let into the possession by Shaw, but the latter had taken no steps to acquire the title from the United States, and it does not appear that he had contracted to acquire it for the benefit of his mortgagee. If he had acquired the government title, it would have been subservient to the mortgage; this, however, simply by virtue of the statute. The Courts could not recognize any supposed equity growing out of a contract (had any been entered into) that the mortgagor would secure the government title as additional security, because such contracts are in derogation of the policy and land laws of the United States. Delaney would occupy a position no less to be favored than that of his grantor.

The fact that he got possession from Shaw, does not affect the question. If he had acquired a superior title from any other source than the United States, he could not have been deprived of the possession he received from Shaw by a purchaser at the mortgage-sale. That the possession was one of the elements employed in obtaining the title was merely an incidental advantage.

Judgment and order affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion.