COCKRILL, *Administratrix*, v. BANE, *Appellant.*

.Mortgages and Deeds of Trust: AFTER-ACQUIRED TITLE OF MORT-
GAGEOR : SALE. Where one mortgaged a quarter section of land,
the title to 5.70 acres of which he did not have at the time, but
subsequently acquired while the mortgage was in force, said
5.70 acres being a part of the quarter section, becomes subject to
sale under the mortgage.

*Appeal from Platte Circuit Court.*—HON. GEO. W.
. DUNN, Judge.

· REVERSED.

*Jas. W. Coburn* and *A. M. Woodson* for appellant.

(1) The mortgage from Darnall to Beery contained
the words, "grant," "bargain," and "sell," which were
·covenants of further assurance. R. S., 1879, sec. 675.
And the condition having been broken before the sale
.from Darnall to Cockrill, the legal title was in Darnall's
mortgagee (*Jones v. Mack*, 53 Mo. 147), and the term,
"indefeasible estate in fee-simple absolute," in section
·3940, Revised Statutes, 1879, means only the fee or fee-
simple. 1 Wash. Real Prop. [4 Ed.] p. 77, secs. 33, 35,
36 ; *Jecho v. Taussig*, 45 Mo. 167. (2) Darnall had no
title to the 5.70 acre tract in controversy, at the date of
his mortgage to Mrs. Beery, but acquired it before fore-
·closure sale, and before his sale to Cockrill, and he and
his assigns are estopped from setting up that he had no
title at the date of his mortgage. 2 Story Eq. [12 Ed.]
·sec. 1021*a ;* 1 Jones on Mort. [3 Ed.] secs. 14, 68, 138,
.561, 679, 682, 825 ; 2 Jones Mort. [3 Ed.] secs. 1483,
1656, 1671 ; 3 Wash. Real Prop. [4 Ed.] p. 120, sec. 51 ;
*Todd v. Johnson,* 51 Iowa, 192.

No brief for respondent.

NORTON, C. J.—This is an ejectment suit instituted in the Platte county circuit court to recover possession of five and seventy-hundredths acres in the southwest quarter of section 36, township 53, range 35. Both parties claim through Richard T. Darnall as the common source of title. The plaintiff recovered judgment, from which the defendant has appealed.

The record before us discloses the following facts: That in 1870, said Darnall conveyed the five and seventy-hundredths acres in controversy to John E. Pitt. Darnall, in 1871, mortgaged the whole of said southwest quarter section to Susan Beery. In 1877, said Pitt conveyed the five and seventy-hundredths acres to S. C. Woodson, as trustee, who, under the power given him as trustee, sold and conveyed the said five and seventy-hundredths acres to said Richard T. Darnall. In 1878, said Pitt conveyed the said five and seventy-hundredths acres to Darnall, who shortly thereafter conveyed it to Cockrill, plaintiff's intestate. In 1880, the said mortgage of Darnall, conveying the whole of said southwest quarter, was foreclosed, and at the sale made by the sheriff, S. C. Woodson became the purchaser, and, thereafter, in 1881, Woodson conveyed an undivided half interest to W. J. Miller, and in the same year said Woodson and Miller conveyed the whole quarter to Bane.

It is provided by section 675, Revised Statutes, that the words, "grant," "bargain," and "sell," in all conveyances in which any estate in fee-simple is limited, shall, unless restrained by express terms, contained in such conveyance, be construed to be, among other covenants, covenant "for further assurance of such real estate to be made by the grantor and his heirs to the grantee and his heirs;" and it has been held, in the

case of *Jones v. Mack*, 53 Mo. 147, that a mortgage conveys the legal title to the property, and that, after condition broken, the mortgagee may recover and take possession and hold it against the mortgageor.

It appears, from the facts in evidence in this case, that, at the time Darnall executed his mortgage to Susannah Beery to the whole of the southwest quarter of section 36, township 53, range 35, he had no title to the five and seventy-hundredths acres in controversy, which formed a part of said quarter, but that he did acquire title to it before the foreclosure sale of said granted section under said mortgage at which Woodson became the purchaser, and before he sold it to Cockrill. The question of law raised by these facts is: Did the title acquired by Darnall to the five and seventy-hundredths acres, after the execution of the said mortgage in which he conveyed it, it being a part of the quarter, become subject to sale under the mortgage, although at the time of the execution of the mortgage he had no title to said five and seventy-hundredths acres? An affirmative answer to this question reverses the judgment, and, under the authorities, the question propounded must be answered in the affirmative. In 2 Story's Equity Jurisprudence, section 1021*a*, it is said: "And one who mortgages an estate to which he has no title at the time, may give effect to such security by subsequently acquiring title to the same." In 1 Jones on Mortgages, section 679, it is said: "It is a well-settled rule of law, that a title subsequently acquired by the mortgageor enures to the benefit of the mortgagee and his assigns by virtue of the covenants in his mortgage, and is subject to foreclosure; and a subsequent purchaser from the mortgageor under his after-acquired title, having notice of such mortgage, stands in no better position than the mortgageor himself."

As the question above discussed is the vital one in

the case and disposes of it, it is unnecessary to consider other errors assigned by counsel for defendant. The judgment is reversed, with the concurrence of the other judges, except Ray, J., absent.