BOYD *et al.*, *Appellants*, v. HASELTINE *et al.*

### Division Two, May 31, 1892.

1. **Deed of Trust:** SUBSEQUENTLY ACQUIRED TITLE. Where the grantor in a deed of trust, containing the statutory covenants of "grant, bargain and sell," did not own the title at the date of the conveyance, but subsequently, while the deed of trust remained a subsisting security, acquired the title, this subsequently acquired title becomes subject to the mortgage, and will pass by a sale under the power conferred.

2. **Notice:** QUESTION OF FACT: FINDING OF CHANCELLOR. Whether one had notice of the execution of a deed is a question of fact, and the finding of the chancellor, where the evidence is conflicting as in this case, will not be disturbed.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*T. B. Love* for appellants.

(1) No estate passed by estoppel against Maria Anderson, and plaintiffs are entitled to the after-acquired title. R. S. 1879, sec. 669. (2) No estate passed by virtue of section 3940, because at the time of the conveyance by Anderson and wife to trustee for Delaney an estate passed. The warranty is coextensive with the grant, and does not extend it. An after-acquired title passes only when nothing originally vested. *Bozy v. Shoab,* 13 Mo. 365; *Valle v. Clemens,* 18 Mo. 486; *Jackson v. Hoffman,* 9 Cow. 271; *Jackson v. Wright,* 14 Johns. 194; Tiedeman on Real Property, sec. 728; 4 Kent's Commentaries [12 Ed.] 98. (3) The great preponderance of evidence fastens notice of the Boyd & Delaney deed on defendants. Indeed, the chancellor, to indicate the theory upon which he decided, gave instructions indicating so much, and signed a bill of exceptions to that effect, but in some inscrutable way that part of the bill was erased, and instructions disappeared, and no trace remains save a marginal entry on the bill of exceptions in the handwriting of one of the defendants herein as follows: "Equity case—no instructions given."

*Haseltine Bros.* and *James Baker* for respondents.

(1) The deed made to Greene Anderson on the eleventh day of December, 1886, after the making of the deed of trust in 1883, inured to the benefit of the grantee in said deed of trust, and the title acquired by him passed to the respondents by virtue of the sale

made under said deed of trust and the deed of the trustee, dated November 22, 1887. *Cockrill v. Bane*, 94 Mo. 444; R. S. 1889, secs. 2402, 8830. (2) The title having passed from said Anderson, and being vested in said respondents, before the execution of the deed to appellants by said Anderson, no interest could pass to them. (3) Appellants' first point is not well made as the after-acquired title was to Greene Anderson, who joined in the covenants of warranty, for further answerance in the words "grant," "bargain" and "sell," and was bound thereby. *Pratt v. Eaton*, 65 Mo. 157. (4) Appellants' second point is not well taken for the reason that the deed of trust in question purported to convey the property in fee simple absolute, and contained the covenants of general warranty, including that of further conveyance. (5) Appellants' third point in regard to notice is immaterial, for the reason that respondents already had a perfect title from Greene Anderson through the deed of trust, which could not be affected by the subsequent deed by him to appellants.

GANTT, P. J.—This is a bill in equity to have a certain quitclaim deed to an undivided one-third of twenty acres of land, the north half of the north half of the southwest fractional quarter of section 6, township 29, range 21, in Greene county, Missouri, declared prior in equity to the title acquired by respondents to the same land, by deeds recorded before plaintiffs' deed was put to record.

In 1883, Greene Anderson to secure the plaintiffs, who were attorneys-at-law, in Springfield, Missouri, a fee of $100 due by him to them, together with his wife, Maria, executed a deed of trust, in which the granting words were "grant, bargain and sell" to one J. P.

McCammon, as trustee, conveying forty acres of the north half of said southwest fractional quarter. This instrument was duly recorded at the time. At the time of this conveyance, Greene Anderson had no title to the said land, but his wife Maria had a life-estate in it.

On December 11, 1886, Greene Anderson received a deed from Elizabeth Martin to the north half of said forty acres. This deed was duly recorded October 20, 1887. On the twenty-second day of November, 1887, McCammon, the trustee, having advertised said forty acres as said trustee sold it to S. C. Haseltine, and executed his trustee's deed, which was recorded the same day. On the twenty-sixth of November, 1887, Greene Anderson made a contract with Boyd and Delaney, by which he employed them to bring a suit to recover the twenty acres bought of Martin, and agreed to give them one-third thereof for their services, and executed a quitclaim to said undivided third, of that date. This deed was not put to record. The suit was commenced by plaintiffs for said Anderson.

On the fifth day of January, 1888, S. C. and S. A. Haseltine purchased of the heirs and remaindermen their interest in the forty acres for $1,200, and took deeds from them, and on the same day a quitclaim from Greene Anderson and his wife, Maria, and a stipulation for dismissal of the suit brought against S. C. Haseltine. These deeds were recorded January 6, 1888, and the suit dismissed, and thereupon plaintiffs brought this suit for one-third of the twenty acres, charging notice of their deed from Greene. The circuit court dismissed the bill and rendered judgment for defendant.

Plaintiffs' contention is that the court erred in not holding that the title to the twenty acres acquired by Greene Anderson subsequently to the execution of their deed of trust did not inure to the benefit of the

grantee in said deed of trust; and, secondly, that by the deed of Greene to them they acquired title to the undivided one-third, and respondents took with notice of their deed.

The law is against plaintiffs on their first proposition. This court held in *Cockrill v. Bane*, 94 Mo. 444, that, where one mortgaged land by the statutory covenants of "grant, bargain and sell," the title to which he did not own at the time, but subsequently acquired while the mortgage was in force, this subsequently acquired title became subject to sale under the mortgage, citing 1 Jones on Mortgages, sec. 679; 2 Story's Equity, sec. 1021*a*. The authority of that case has not since been disputed. It is clear that the same effect must be given to these statutory covenants in a deed of trust as in a mortgage. R. S. 1889, sec. 2402. The cases cited to the effect that a quitclaim does not pass an after-acquired title are not applicable.

II. All of Greene Anderson's title having been conveyed to respondents prior to the conveyance by him of the undivided third to appellants, their deed from him was inoperative and passed no estate.

III. As to the question of notice the defendants testified and denied any knowledge of the execution of the deed from Greene to plaintiffs. There was evidence to the contrary on the part of plaintiffs, but this was a question of fact for the chancellor, and under the state of this record we would not be justified in reversing his finding on this point. The judgment is affirmed. All concur.