## STEWART v. POWERS et al.

### No. 15,217; June 9, 1893.

#### 33 Pac. 489.

**Pre-emption Claim—Conveyance Subject to Mortgage.**—A preemption claimant, before final proof and payment, mortgaged the claim to secure the repayment of money borrowed to perfect her title. After she had entered upon and paid for the land, and had received her certificate of purchase, she conveyed a part of the claim to one H. Held that, as the title acquired by the pre-emptioner from the United States inured to the benefit of the mortgagee when acquired, the conveyance to H. was subject to the mortgage.

APPEAL from Superior Court, Contra Costa County; Joseph P. Jones, Judge.

Action by James Stewart against Harriet H. Powers and others to foreclose a mortgage. Decree for plaintiff. Defendants appeal. Affirmed.

Latimer & Brown and Eli R. Chase for appellants; W. S. Tinning for respondent.

HAYNES, C.—In Stewart v. Powers (No. 14,956, this day filed), 98 Cal. 514, 33 Pac. 486, the appeal was from the same judgment-roll from which the above-named appellants have taken this appeal.

As to appellants Sarah E. Sharp and Aurelius Sharp, the facts and the questions of law presented are precisely the same as in No. 14,956, and, upon the authority of that case, the judgment should be affirmed as against them.

As to appellant John Harding, a fact not appearing in No. 14,956 is necessary to be stated, .viz., that on December 31, 1888, Sarah E. Sharp, the above-named appellant, after she had entered and paid for the land, and had received her certificate of purchase therefor, conveyed to said John Harding a part of the premises so mortgaged, to wit, the south half of the northwest quarter of section 26, township 2 north, range 3 west, Mount Diablo base and meridian. All other facts are sufficiently stated in the opinion in No. 14,956. It must be apparent that if the title acquired from the United States after the mortgage was executed inured to the benefit of the mortgagee, as was there decided, it must follow that it inured at the moment the title was acquired by the pre-emptioner, and that the conveyance afterward received by appellant Harding vested the title in him subject to the mortgage: See Christy v. Dana, 42 Cal. 174; Bull v. Shaw, 48 Cal. 455, and Orr v. Stewart, 67 Cal. 275, 7 Pac. 693, cited in the former opinion. It follows that the judgment appealed from should be affirmed as against all the appellants.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed as against all the appellants.