ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

*(Continued from Volume 170.)*

J. H. PATTON, Respondent, v. ANDREW J. FOR-GEY AND SARAH J. FORGEY, Appellants.

St. Louis Court of Appeals, February 4, 1913.

1. HIGHWAYS: Prescription: Statute. Sec. 9694, R. S. 1899 (Laws 1887, p. 257), providing that no lapse of time shall divest the owner of his title to the land, unless, in addition to the use of the road by the public for a period of ten consecutive years, there shall have been public money or labor expended thereon, is not retroactive and hence does not affect roads that had been established by prescription prior to its passage.

2. ————: ————. The continued open and adverse use of land for a public road for thirty or thirty-five years prior to the passage of Sec. 9694, R. S. 1899 (Laws 1887, p. 257), established an easement therein as a public road in favor of the public.

3. ————: ————: Conveyance of Land: Rights of Grantee. The owner of land in which the public has an easement as a public road by prescription cannot oust the public of its easement by conveying the land to another, and his grantee takes subject to such easement.

4. **CONVEYANCES: After-Acquired Title: Estoppel.** Where one conveys land which he does not own at the time, by a deed containing the usual covenant importing an indefeasible seisin, any title subsequently acquired by him inures to the grantee.

5. **HIGHWAYS: Obstruction: Action by Individual.** An individual cannot maintain an action to redress a public wrong, such as the obstruction of a public highway, unless he suffers or is threatened with some special or peculiar injury therefrom.

6. ———: ———: ———. In an action by an individual for the removal of an obstruction to a public highway, plaintiff showed that the obstruction diminished the value of his farm and that the road afforded him a special and peculiar convenience and furnished a shorter route from his land to a certain town than any other road. *Held*, that this evidence established that the obstruction entailed a special and substantial injury upon plaintiff which was not common to others, warranting his maintaining the suit.

7. ———: ———: ———: **Estoppel: Conveyances.** The fact that one who brought suit for the removal of an obstruction to a public highway had previously conveyed the land, over which the highway ran, to defendant by a warranty deed containing a covenant importing an indefeasible seisin would not prevent his maintaining the suit, notwithstanding, in order to mantain it, it was necessary for him to show that he had suffered special injury by the obstruction, since the suit was instituted to maintain a public right.

8. **JUDGMENTS: Final Judgments: Must Dispose of all Parties.** A defendant who is not shown to be liable should be discharged by the final judgment, in view of Sec. 2097, R. S. 1909, which provides that there shall be but one final judgment in the case, and the rule which requires that such a judgment shall dispose of all the parties.

9. **APPELLATE PRACTICE: Rendition of Judgment by Appellate Court: Equitable Proceeding.** Under Sec. 2083, R. S. 1909, appellate courts are authorized to enter such judgments as should have been given by the *nisi prius* court, and especially is this true in an equity case.

10. ———: ———: ———. In a proceeding in equity against two defendants, where one was shown to be liable and the other not liable, and the final judgment failed to discharge the latter, *held* that the appellate court, on finding the record free from error as to the defendant found liable, would affirm the judgment as to him, and would enter a judgment discharging the other defendant and award him his costs.

Appeal from Louisiana Court of Common Pleas.—
*Hon. David H. Eby,* Judge.

JUDGMENT MODIFIED.

*Frank J. Duvall* and *Hostetter & Haley* for appellants.

(1) A deed containing covenants of general warranty carries with it all the title which the grantor has at the time; and any subsequently-acquired title likewise passes under such a deed, and inures to the benefit of the grantee. Woods v. Smith, 193 Mo. 484; Cockrill v. Bane, 94 Mo. 444; Railroad v. Smith, 170 Mo. 327; Hickman v. Dill, 39 Mo. App. 246; Johnson v. Johnson, 170 Mo. 34; Hume v. Hopkins, 140 Mo. 65; Gibson v. Chouteau's Heirs, 39 Mo. 537. (2) Plaintiff is not entitled to maintain this action because it appears that he did not suffer any special or peculiar injury by reason of such obstructions not shared in by the public and community in general. Bailey v. Culver, 84 Mo. 531; Rude v. St. Louis, 93 Mo. 408; Fairchild v. St. Louis, 97 Mo. 85; Stephenson v. Railroad, 68 Mo. App. 642. (3) There is no finding or adjudication of the issues as to Sarah J. Forgey and no judgment rendered for or against her. This was clearly eroneous, as there should be a judgment for or against each defendant in the case. Spalding v. Bank, 78 Mo. App. 374.

*Pearson & Pearson* for respondent.

(1) Where obstructions in a public highway directly affect abutting proprietors, the injury is immediate and special, and an action by injunction will lie therefor. Bailey v. Culver, 84 Mo. 531; Schopp v. St. Louis, 117 Mo. 131; Sheppard v. May, 83 Mo. App. 272; Downing v. Corcoran, 112 Mo. App. 645. (2) If either of the defendants were desirous of taking

advantage of any irregularity in the judgment, in that Sarah J. Forgey's name was not coupled with Andrew J. Forgey's name in the final paragraph of the judgment, it could only have been reached by exceptions saved at the time, or by a motion in arrest of judgment. Spaulding v. Bank, 78 Mo. App. 374; Crow v. Crow, 124 Mo. App. 120;. Miller v. Bryden, 34 Mo. App. 612.

NORTONI, J.—This is a suit in equity. Plaintiff sued out an injunction against defendants Forgey and wife, restraining them from further obstructing a public road connecting with his pasture. At the hearing, the court found the issue for plaintiff and decreed a perpetual injunction against defendant A. J. Forgey, but made no disposition of the case whatever as to defendant Sarah J. Forgey. From this judgment defendants prosecute the appeal.

The road in question is a *cul de sac,* which runs to the westward from the public road known as the Gravel road near Paynesville in Pike county, and connects with plaintiff's farm of one hundred and fifty-four acres, in the rear of some adjacent tracts on the outskirts of that town. The evidence tends to prove that this road is about twenty feet in width, but its length does not appear. The main public road, known as the Gravel road, runs north and south through the town of Paynesville and passes over Water street of the town. The road involved in this controversy, said to be twenty feet in width, runs west from the Gravel road between lot sixteen in a certain block of the town of Paynesville, which is situate on the north thereof, and a lot known as the Kreitz lot, immediately on the south of it. After passing between these lots, the road extends farther westward between two tracts of land owned by defendants, and connects with plaintiff's farm beyond. The evidence is well nigh conclusive that this road had been continually in use by the pub-

lic for a period of about sixty years until defendant obstructed it by placing a wire fence across the same, near the point where it intersects the Gravel road.

It appears that more than forty-five years ago, this road was used by one and all as a passageway to a schoolhouse located on a tract of land now owned by defendant, which is situate to the west and in the rear of lot sixteen. For many years this road served to accommodate several families who resided on the several tracts of land it touched, to the west of Paynesville, and during all of the time it has served to accommodate the farm now owned by plaintiff, by furnishing a short route to Paynesville. The several other tracts are now owned by defendants. Different persons who reside along the road repaired it at times as was needed, by hauling gravel upon it and maintaining a bridge immediately adjacent to where it connects with the main or Gravel road. The adjacent proprietors recognized this way as a road, for during all the years they have set and maintained their fences along the sides of the same accordingly, and every person who desired to has used and occupied the road as a passway to and from the premises adjoining. Indeed, the evidence tending to show a continuous, open and adverse user for a period of about sixty years on the part of the public as to this road is conclusive. No one denies or disputes it. However, the right of plaintiff with respect to the matter is denied because he executed a general warranty deed to defendant A. J. Forgey in 1883, whereby he conveyed lot sixteen above mentioned in the town of Paynesville to defendant A. J. Forgey, and included in the deed a description of the ground adjacent thereto occupied by the road. It was on this strip of ground so described in the deed from plaintiff to A. J. Forgey that defendant obstructed the road by putting wire across the same about a year before the institution of this suit.

As before stated, the road in question here passed west from the Gravel road between the fences on the south side of lot sixteen and the fence on the north side of the Kreitz lot. Both of these lots are now owned, and have been for many years, by defendants. In 1883 Forgey purchased lot sixteen from plaintiff and plaintiff executed a warranty deed conveying the same to him. This deed further described and purported to convey from plaintiff to Forgey the parcel of ground lying immediately south of lot sixteen and north of the Kreitz lot, which was then, and had been for some thirty or thirty-five years theretofore, occupied by this roadway. Though it appears plaintiff's deed incorporated this strip of ground as if he conveyed it to Forgey, the latter did not inclose it at the time, and the public use continued as before. About fifteen years ago, Forgey constructed a fence along the north side of the Kreitz lot, which was immediately adjacent to and south of the road in question, and ever since that time, until about a year before this suit, when he obstructed it by placing a wire across the same, the road continued open between his two fences—the one fence maintained by him along the south side of lot sixteen and the other fence maintained by him along the north side of the Kreitz lot. About a year before this suit was instituted, Mr. Forgey stretched wire across this lane which he had constructed between his two lots and thus obstructed the further passage of persons over the road through the lane.

Our statute, passed in 1887 (See Laws of Missouri 1887, p. 257; R. S. 1899, sec. 9694), providing that no lapse of time shall divest the owner of his title to the land unless, in addition to the use of the road by the public for a period of ten consecutive years, there shall have been public money or labor expended thereon, is without influence in the case. This road was established through prescription, by the continued open, adverse user by the public long before the stat-

ute was enacted. Obviously that statute is not retro-active, and it therefore appears that a public road ob-tained along the south side of lot sixteen and along the north side of the Kreitz lot, on the very ground which plaintiff attempted to convey to defendant in 1883, and this is true even though no public money or labor had been expended thereon theretofore. The continued open, adverse user for the purposes of the public road for the period of some thirty or thirty-five years before plaintiff executed the deed in 1883 was sufficient to establish the easement of the public thereon, for the uses and purposes of the public road. [See Sikes v. St. Louis & S. F. R. Co., 127 Mo. App. 326, 105 S. W. 700.] This being true, it is obvious that plaintiff's deed executed in 1883 conveyed noth-ing with respect to this road to defendant, for even if he owned the land described in the deed and on which the road obtained, he could not oust the easement of the public by a mere conveyance and invest defendant with any right thereto which he did not himself pos-sess.

But it is argued that, by this conveyance, plaintiff divested himself of all right, title and interest in the parcel of ground occupied by the road and that any title which he may have acquired since that time by virtue of a continuous user in passing to and from his farm over this route since 1883 inured to defend-ant, and that this alone precludes his right to relief here. There can be no doubt that where one conveys lands which he does not own at the time, with the usual covenant importing an indefeasible seisin, as here, as by employing the statutory words of grant, bargain and sell, and the covenants which they imply, any sub-sequently-acquired title to such lands in the grantor inures to the grantee in the deed. [See Cockrill v. Bane, 94 Mo. 444, 7 S. W. 480.] But though such be true, the doctrine is without influence here, for plain-ttiff acquired no title to this strip of land which he

did not own at the time of the conveyance and so occupied by the road, by his subsequent use of the same in passing to and from his farm, for the easement of the public continued throughout those years precisely as before. The easement of the public was established many years before plaintiff executed his conveyance to defendant, and that conveyance in no respect impaired the right of the public to the continued use of the strip of land, for it was subject to the burden of the roadway. It may be that if plaintiff were asserting an individual or private right here, as the possessor of a private easement, acquired through user by his since the date of the deed, that his conveyance would preclude him, but, obviously, not so when the easement he enjoys is impressed by a public use and one in which he participates merely as a member of the public.

But it is said that plaintiff is asserting a private right, in that it is essential, to entitle him to relief, that he suffer a special injury, different in kind from that of the public generally, and because of this it is urged his private right should be denied because of the covenants before mentioned. No one can doubt that individuals are not permitted to maintain separate actions or suits, such as this one, to redress a wrong that is public in its nature, unless the individual so complaining suffers or is threatened with some special, particular or peculiar injury growing out of the public wrong. [See 2 Elliott, Roads and Streets (3 Ed.), secs. 850, 850a.] It is said that, "If the nuisance causes special or peculiar injury to an individual, different in kind and not merely in degree from the injury to the public at large, and the injury is substantial in its nature, the individual may have his civil remedy." [2 Elliott, Roads and Streets, sec. 850a. See, also, Rude v. City of St. Louis, 93 Mo. 408, 6 S. W. 257; Bailey v. Culver, 84 Mo. 531; Fairchild v. City of St. Louis, 97 Mo. 85, 11 S. W. 60.] The

record abounds with evidence tending to prove that the obstruction of this road by defendant entailed a special and peculiar injury upon plaintiff, in that it diminished the value of his farm and prevents his use of a roadway which furnishes a short route from his land to the town of Paynesville. It is true other roads touch his farm, but this affords a special and peculiar convenience at another point and is a short road into the town. Obviously its obstruction entails a special injury to plaintiff not common to others and such injury is substantial in character. The suit is for the abatement of a public nuisance and to enforce the removal of an obstruction in a public highway, and in no sense proceeds for the vindication of a private right which is exclusive. The right infringed upon by defendant in placing the obstruction across the roadway, and on account of which relief is sought, is a public right which plaintiff enjoys as a member of the public and not an individual right vested in him to the exclusion of others. From this it appears that, while plaintiff suffers a special injury different in kind from that of the general public, which affords him a right to complain and a standing in court in his own behalf, the purpose of his suit is to vindicate a public right; that is, the right of all of the people to use the road and in which use he is entitled to share because of the fact that he is one member of the public. In this view, it is obvious that the relief should not be denied because of the covenant in plaintiff's deed executed in 1883, for to do so would overlook the public right to an open roadway, which is the basis of the suit, and destroy its force and effect through unduly commingling it with plaintiff's individual right as a landowner suffering special injury through defendant's infringement of the public right or easement to the passway.

We have examined the other questions urged in the brief but do not regard them of sufficient merit to

warrant discussion in the opinion, except as to the omission of the court to dispose of defendant Sarah J. Forgey in the final judgment.

Mrs. Sarah J. Forgey is a party defendant to the suit and the court acquitted her of all fault in the matter. Indeed, there is no evidence whatever suggesting that she participated in obstructing the roadway. The court found the issue and decreed an injunction against defendant A. J. Forgey alone and made no disposition of the case as to his wife. This was error. The statute (Sec. 2097, R. S. 1909) provides that there shall be one final judgment only in a case and it is the rule that such judgment should dispose of all of the parties. [See Spalding v. Citizens' Bank, 78 Mo. App. 374.] Both defendants have appealed from the judgment and Mrs. Forgey insists she is entitled to her final discharge. The point is well taken.

Under the statute, we are authorized to enter such judgment here as should have been given in the court below and especially is this true in proceedings in equity, as is this one. Therefore the injunction will be decreed perpetual against defendant A. J. Forgey and plaintiff shall recover his costs; that is, one-half of the entire costs of the proceedings against him. As to defendant Sarah J. Forgey, the finding and judgment will be given for her here and she should recover from plaintiff her costs paid out and expended. It is so ordered. Execution will issue accordingly. *Reynolds, P. J.*, and *Allen, J.*, concur.