## TILGHMAN et al. v. SYKES.

No. 14730—Opinion Filed Sept. 30, 1924.

1. Trial—Demurrer to Evidence—Admissions by Pleadings.

A demurrer to the evidence searches the pleadings for the facts admitted as well as the evidence for the facts proved to determine whether or not the evidence is sufficient to entitle the plaintiff to the relief asked.

2. Quieting Title—Variance in Description of Deed.

A petition deraigning title by a warranty deed which describes an interest in the

fee and a copy of the same is attached to the petition and made a part of it as the basis of having title to an interest in the fee quieted in plaintiff is not proven by a deed introduced in evidence by plaintiff bearing the same date and answering to the description of the deed described in the petition, except as to the interest conveyed, such interest being an undivided one-half interest in the oil and gas royalty instead of an interest in the fee.

**3. Lis Pendens—Deeds Taken Pendente Lite.**

Under section 260, Comp. Stat. 1921, deeds taken by third parties from the defendants in the action conveying an interest in real estate involved in the action are void as to the plaintiff in said action.

**4. Same—Deeds to Defendant in Mortgage Foreclosure—Rights of Plaintiff.**

Where an action is pending seeking to foreclose a real estate mortgage which shows on its face to be for the entire interest in and to the real estate and a third person executed a deed to the defendant in such action conveying to him all his interest in the real estate involved, the interest so deeded and vested in said defendant inures to the benefit of the plaintiff mortgagee.

**5. Insufficiency of Evidence.**

The record examined, and held, the plaintiff's evidence was not sufficient to entitle him to the relief asked for in his petition.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; B. C. Logsdon, Special Judge.

Action by C. E. Sykes against Chas. A. Tilghman, Oklahoma Farm Mortgage Company, and the Carter Oil Company, a corporation, to quiet title to an interest in certain real estate. Judgment for plaintiff and defendants appeal. Reversed and remanded, with directions.

Burford, Miley, Hoffman & Burford, for plaintiffs in error Chas. A. Tilghman and Oklahoma Farm Mortgage Company.

Jas. A. Veasey, C. M. Oakes, and Walter Davidson, for plaintiff in error Carter Oil Company.

Dolman, & Dyer, for defendants in error C. E. Sykes.

Opinion by THREADGILL, C. In the trial court plaintiffs in error were defendants and defendant in error was plaintiff, and, for convenience, the parties will be referred to herein as they appeared there.

Plaintiff brought suit against the defend-

ants claiming an undivided one-half interest in and to the following described real estate and asking that the title to same be quieted in him, to wit: W.½ of W.½ of S.W.¼ of section 22; S.E.¼ of S. E.¼; S.E.¼ of N. E.¼ of S. E¼ of section 21, T. 2 S., R. 3 W., in Carter county.

The plaintiff claimed title by a warranty deed executed and delivered to him by Sol F. Kimbrell and wife on November 17, 1915, the same being recorded on January 18, 1917, in book 28 at page 10 of the county records, a copy of this deed, as exhibit A, was attached to plaintiff's petition and the same recites a consideration of $2,500 and provides that " said parties of the first part do by these presents grant, bargain, sell and convey unto said party of the second part, his heirs and assigns all of the following described real estate situated in the county of Carter, state of Oklahoma :" (then description).

Plaintiff claims further that on April 7, 1916, Sol F. Kimbrell and wife made and executed a warranty deed to the other undivided one-half interest in said real estate to one N. B. Feagin for the sole use and benefit of plaintiff and this deed was on the same day recorded in book 24 at page 379 of the county records; that the said N. W. Feagin failed and neglected to convey to the plaintiff this one-half interest in said land until January 31, 1917, when by quitclaim deed the said Feagin conveyed the same to plaintiff and this deed is recorded in book 26 page 417 of the county records. Plaintiff attaches copies of these two deeds, the one from Kimbrell to Feagin and one from Feagin to plaintiff, to his petition as exhibits "B" and "C." The deed from Kimbrell to Feagin recites a consideration of $2,500 and purports to sell all of the land described in the deed, being the land in controversy, and other lands; and the quitclaim deed from Feagin and his wife to the plaintiff is dated January 31, 1917, and recites a consideration of $10, and states that for other good and valuable considerations to him duly paid, he quitclaims to the plaintiff all his right, title and interest to the land, the same being the land in controversy, and other lands.

On January 18, 1917, the defendant Oklahoma Farm Mortgage Company commenced an action in the district court of Carter county against Sol F. Kimbrell, Luno O. Kimbrell, J. M. Eastman, Gypsy Oil Company, N. B. Feagin, and W. G. Skelly for the purpose of foreclosing a mortgage against the parties named as defendants in that suit for the sum of $80 upon said

land, and on May 7, 1917, obtained a judgment against Kimbrell and wife for $72.30, costs and attorney's fees, and the defendants N. B. Feagin and W. G. Skelly by said judgment were forever barred from asserting any right, title, or interest in and to the premises ordered sold to satisfy said judgment. On November 8, 1917, an execution was issued upon said judgment and on December 17, 1917, the property was sold, without appraisement, to the Oklahoma Farm Mortgage Company for $160, the sale was approved by the court and the land was conveyed to the purchaser by the sheriff's deed, said deed being filed for record December 20, 1917, and recorded in book 32 at page 103 of the county records. A copy of this deed, which was in the usual form of a sheriff's deed, was attached to plaintiff's petition as exhibit "D". There after, on December 22, 1917, the said Oklahoma Farm Mortgage Company sold and deeded the said land to the defendant Chas. A. Tilghman, and said deed was recorded in book 32 at page 194 of the records of Carter county. On October 29, 1918, the said Chas. A. Tilghman, joined by his wife made, executed and delivered to the defendant Carter Oil Company an oil and gas lease on said land, and this lease was recorded in Miscellaneous Book 39 at page 134.

The plaintiff stated in his petition the facts as above set out, and alleged that the sheriff's deed to Tilghman and the lease from Tilghman to the Carter Oil Company were void and of no effect for three reasons:

"1. That the plaintiff was not made a party to the foreclosure action although the records disclose that he was the owner of an undivided one-half interest in said property.

"2. That no summons was ever served upon N. B. Feagin, who was at the time holding a title for the use and benefit of plaintiff and who subsequently deeded said property to plaintiff.

"3. That plaintiff had no knowledge of said foreclosure action nor of sale of the same nor the sheriff's deed and the oil and gas lease until immediately prior to the commencement of the action."

Plaintiff offered to tender into court the amount of the foreclosure judgment and interest thereon, and prays for judgment in his favor to quiet the title to an undivided one-half interest in said land in him as the owner thereof. His petition was verified.

The defendants Chas. A. Tilghman and the Oklahoma Farm Mortgage Company filed a general demurrer to the petition, which

it seems was never presented to nor acted upon by the court. The Carter Oil Company filed a motion to make the petition more definite and certain, which it seems was never presented to nor acted upon by the court. Thereafter, on January 23, 1922, the defendants Chas. A. Tilghman and Oklahoma Farm Mortgage Company filed an answer to the petition, consisting of a general denial, and pleading further that they admit, there is of record in book 28 at page 10 of deeds records of Carter county a warranty deed from Sol F. Kimbrell and his wife to the plaintiff, C. E. Sykes, bearing date November 17, 1915, purporting to convey to said plaintiff a one-half undivided interest in the royalty of all of the oil and gas of the lands described in plaintiff's petition; they state further that this deed was filed for record on the same day that the Oklahoma Farm Mortgage Company, in case numbered 3924, filed its foreclosure action in Carter county; that their petition in said action was filed at 9 o'clock a. m. January 18, 1917, and the plaintiff's deed was not filed for record until 11:30 a. m. of said day; they plead that plaintiff was guilty of laches in that the said deed mentioned was executed under date of November 17, 1915, and was not filed for record until 14 months after the execution and delivery thereof, and they say that plaintiff had notice and knowledge prior to the filing of his said deed of the institution of the foreclosure suit by the Oklahoma Farm Mortgage Company; they plead further that at the time the foreclosure was filed the alleged warranty deed of April 7, 1916, which deed plaintiff claims was for his sole use and benefit, was not of record and was not filed for record until January 31, 1917, being 13 days after the foreclosure action was commenced, and they say they had no knowledge of said deed until the same was filed for record; they state further that the plaintiff and his wife, C. V. Sykes, on February 19, 1917, while the foreclosure suit was pending, made, executed and delivered to the said Sol F. Kimbrell their quitclaim deed, conveying and quitclaiming to him all their right, title, and interest in and to said lands, since which time the plaintiff had never had any legal title or interest in said lands; they further state in their answer that N. B. Feagin, mentioned in plaintiff's petition, was a defendant in the foreclosure action and with the said Sol F. Kimbrell on January 20, 1917, was personally served with summons in said cause and the judgment of foreclosure was entered May 7, 1917, thereafter, and the said foreclosure judgment barred said Kimbrell

and Feagin of any right, title, or interest in said lands, and that the plaintiff, C. E. Sykes, is by reason of the premises barred of any claim, right, title, interest, or equity in said lands or any part thereof.

The Carter Oil Company filed its separate answer stating about the same facts as stated by the answer of the other two defendants, and it pleads the oil and gas lease from Chas. A. Tilghman and his wife as their interest in the land, and it states further that the quitclaim deed made and executed by plaintiff and his wife to Sol F. Kimbrell, dated February 19, 1917, and while the foreclosure action was pending, barred the plaintiff of any interest in said lands.

The plaintiff filed his replies to the answers of the defendants, consisting of general denials, which replies were not verified. The issues as thus made up were tried to the court without a jury on November 2, 1922, and resulted in judgment in favor of the plaintiff for an undivided one-half interest in the lands described, and quieting the title to same in him as prayed for in his petition, and from this judgment the defendants appeal by petition in error and case-made alleging the following assignments of error:

"1. The said court erred in overruling the motions of plaintiffs in error for a new trial in said cause. 2. Said court erred in admitting incompetent and improper evidence offered and introduced on the part of the defendant in error. 3. Said court erred in refusing, rejecting and ruling out competent and legal evidence offered on the part of the plaintiffs in error. 4. Said court erred in overruling the demurrer of the defendant to the plaintiff's evidence. 5. Said court erred in adjudicating said cause, and rendering judgment in favor of the defendant in error, and against plaintiffs in error, and in refusing to enter judgment therein in favor of the plaintiffs in error."

1. We think the fourth assignment raises the questions decisive of the appeal. Was the plaintiff's evidence sufficient to entitle him to the relief asked for? And should the demurrer to the evidence have been overruled? His right to have the title to an undivided one-half interest in the land quieted in him depended upon his ownership of the same. In his petition he claimed title, first, by a deed from Sol F. Kimbrell and wife dated November 17, 1915, which was filed for record January 18, 1917, and recorded in book 28 at page 10 of deeds records of the county, and a copy attached to the plaintiff's petition purported to convey title to the land, but when plaintiff took the witness stand and introduced the

original deed answering to the date, consideration, time of filing, and book of recording as the deed first made to him by Kimbrell and wife, we find that this deed is an oil and gas royalty deed conveying an undivided one-half interest in the oil and gas royalty to be obtaned from the lands in controversy. The plaintiff understood that this deed was a royalty deed as shown by his testimony in answer to the question on cross-examination as to whether or not he claimed the land under two deeds, one from Kimbrell and wife and the other from Feagin and wife, and he stated:

"I claim under the original deed, at the time I took that deed Judge Hefner was handling my legal affairs and he said he knew Mr. Kimbrell and that he wanted to satisfy himself about some question about the royalty, about it being valid and wanted it to lay over for a little while until he went into the matter a little more fully. Later on he prepared some other deeds; that was the way the matter came around. I finally took a deed, if I remember correctly, took a royalty deed and then quitclaimed the surface rights or something to that effect. It has been somtime ago."

(As the second source of his title plaintiff stated in his petition that Kimbrell and wife made a deed to N. B. Feagin for this land April 7, 1917, which deed was for plaintiff's sole use and benefit, and, thereafter, on January 31, 1917, Feagin and wife deeded the land to plaintiff, said deed being recorded in book 26 at page 417 of the county records, and these two deeds described the lands in controversy. These deeds were not offered in evidence and as copies were attached to the petition and not denied by the defendants it was not necessary that they should be. Defendants plead in their answer that plaintiff and his wife, on February 19, 1917, deeded all their interest in the lands to Sol F. Kimbrell and on the next day Kimbrell and wife deeded back to plaintiff an undivided one-half interest in the lands, and in his testimony plaintiff admitted these facts.

Plaintiff rested his case with his own testimony and the above facts are the substance of the evidence introduced and which was demurred to by the defendants.

We must conclude that the first deed, under which plaintiff claimed title to the land, was not sufficient to show that he had any title, being only for royalty interest in the oil and gas and for no interest in the land itself.

The second deed under which he claimed title was from N. B. Feagin, which was made to plaintiff January 31, 1917, and

after the foreclosure suit of the Oklahoma Farm Mortgage Company was filed on January 18, 1917, against Sol F. Kimbrell and N. B. Feagin et al., and while the same was pending. This evidence also shows that plaintiff and his wife transferred all of their interest in the lands in controversy to Kimbrell February 19, 1917, while said foreclosure suit was pending, and that Kimbrell and his wife on the next day transferred by deed to the plaintiff an undivided one-half interest in said lands.

It must be observed that plaintiff states in his petition that the foreclosure action was commenced January 18, 1917, and judgment was rendered foreclosing the mortgage against the real estate May 7, 1917, and pursuant thereto the land was sold and deeded by the sheriff to Chas. A. Tilghman, and Tilghman made the oil and gas lease to Carter Oil Comnany, and these facts were admitted by the answers of the defendants, and the answers of the defendants plead the fact that plaintiff and his wife on February 19, 1917, deeded all their interest in the lands back to Kimbrell, and this fact is not denied by the plaintiff, and the demurrer to the evidence searches the pleadings for all the facts admitted as well as the facts proven to determine whether or not the evidence is sufficient to entitle the plaintiff to the relief asked for.

2. The first deed pleaded and proved by the plaintiff was for an undivided one-half interest in the oil and gas royalty, and did not transfer any interest in the land or to oil and gas under the land until severed from the earth. Kolachny v. Galbreath et al., 26 Okla. 772, 110 Pac. 902; Frank Oil Company v. Belleview Gas & Oil Company, 29 Okla. 719, 119 Pac. 260; Rich v. Donaghey, 71 Okla. 204, 177 Pac. 86; Ohio Oil Company v. Indiana, 177 U. S. 190. It appears from these authorities that the oil and gas under the surface of the earth are not subject to sale apart from the surface itself, and the royalty interest conveyed by the deed of royalty from Kimbrell to the plaintiff could only be a part of such oil and gas as might be severed from its channels under the surface of the earth by the usual process of drilling and taking oil or gas from the earth, and no right or title to the said substance could be conveyed while the same were in the earth. But the simple reason this deed proved nothing for plaintiff is that plaintiff was not asking to quiet title to an oil and gas interest but to an undivided one-half interest in the fee.

3. The evidence shows that the other deeds given, the one from Feagin to plaintiff and the deed from plaintiff to Kimbrell and from Kimbrell to plaintiff, were during the pendency of the foreclosure action, and two of them subject to the provisions of section 260, Comp. Stat. 1921, which provides as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

This statute is supported by the decisions of this court. Guaranty State Bank of Okmulgee v. Pratt et al., 72 Okla. 244, 180 Pac., 376; Coblentz v. Cochran, 44 Okla., 158, 143 Pac. 658.

It is also held that an unrecorded deed at the time suit is commenced and lis pendens comes into force must be placed in the category of a pendente lite purchaser. Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032; Smith v. Worster, 59 Kan. 640, 54 Pac. 677.

4. The fact is undisputued that while the foreclosure suit was pending plaintiff deeded all his interest in the land to the defendant mortgagor and this was permissible under the law, but when this was done the mortgagee could not transfer the title so vested in him under the statutes and authorities above cited. This is true even if the title had been an independent title acquired by Kimbrell during pendency of the action or acquired by Sykes before the commencement of the action involving the property mortgaged and then transferred to Kimbrell during the pendency of the action. When Sykes deeded his interest to Kimbrell while the action was pending it inured to the benefit of the mortgagee and was subject to foreclosure since the mortgage covered the entire interest and the foreclosure was for the entire interest. Jones on Mortgages, section 679. See, also, the following cases cited by defendants in their brief; Bush v. Marshall, 6 How., 284; Boyd v. Haseltine (Mo.) 19 S. W. 822; Iowa Loan & Trust Co. v. King (Iowa) 12 N. W. 595; Parson v. Little (N. H.) 20 Atl. 958; Corbitt v. Howell (Ky.) 10 S. W. 655; Brayton v. Merithew (Mich.) 22 N. W. 259; Stewart v. Powers (Cal.) 33 Pac. 489.

5. When the plaintiff introduced the evidence and rested and the defendants demurred to the same as not sufficient to make out his case the court should have searched

the record for the undisputed facts and applied the law applicable to the same. We think under the facts above stated and the law applicable thereto cited that the demurrer should have been sustained.

We therefore recommend that the cause be reversed, with directions to set aside the judgment and sustain the demurrer to the evidence, and take any other steps in the further progress of said cause as is provided by law.

By the Court: It is so ordered.